SOUTHWICK, P.J.,
for the Court:
¶ 1. Terrance Thomas was convicted of burglary of a dwelling. He appeals alleging that the State failed to prove venue and that the verdict was against the overwhelming weight of the evidence. We disagree and affirm.
FACTS
¶ 2. David Blake was awakened by the sound of rocks being thrown at the window of his upstairs bedroom around 1:00 in the morning. Blake testified that he went to the window and saw someone whom he knew as “Scooba Boo” outside in the yard. “Scooba Boo” asked for Steve Cooper; Blake responded that Cooper no longer lived in that house.
¶3. Blake was awakened again around 4:00 a.m. by his wife after she heard a noise downstairs. As Blake was going downstairs, he saw a shadow cross the bottom of the stairway and disappear through a doorway. Blake then saw a second person, “Scooba Boo,” run across the hallway at the bottom of the stairs. After checking on his father who slept in the room from which both men had just emerged, Blake went to his mother’s home and called the Clarksdale police.
¶ 4. A Clarksdale police officer arrived a few minutes later and took a report. Three hundred dollars were stolen from Blake’s father. Later, Blake’s father identified one of the men in his room that night as Steve Cooper, but he could not identify the other man. However, Blake identified the defendant Terrance Thomas as the man whom he knew as “Scooba Boo” and whom he saw at the bottom of his stairs. Thomas had lived next door to the Blakes prior to this incident. Cooper and Thomas were indicted for burglary of a dwelling. Thomas was convicted and his appeal was deflected to this Court.
DISCUSSION
1. Proof of Venue
¶ 5. Thomas argues that the State failed to prove that the crime occurred in Coahoma County. Proof of venue is necessary for a criminal conviction and may be shown by direct or circumstantial evidence. Smith v. State, 646 So.2d 538, 541 (Miss.1994). A statute provides this:
The local jurisdiction of all offenses, unless provided by law, shall be in the county where committed. But, if on the trial the evidence makes it doubtful in which of several counties, including that in which the indictment or affidavit alleges the offense was committed, such doubt shall not avail to procure the acquittal of the defendant.
Miss Code Ann. § 99-11-3(1) (Rev.2000).
¶ 6. No specific issue was made at trial to an alleged failure by the State to prove venue. Since it is one of the elements of proof, though, a failure to show venue would constitute an insufficiency in the evidence. Thomas made a motion for directed verdict and later filed for a JNOV based on evidentiary insufficiency. We find that this preserved the issue.
¶ 7. The omission on which Thomas relies is that no witness ever stated that the crime occurred either in Clarksdale or in Coahoma County. Blake testified that he worked at the Clarksdale City Auditori *250 um and lived at “510 Paul Edwards,” which is where the crime occurred. Blake never stated that this address was in Clarksdale. The testimony also revealed that a Clarksdale city police officer responded to Blake’s call from Paul Edwards, though the officer did not specifically state that he was in Clarksdale when he got the call. The officer testified that he was about five blocks away from the crime scene and on “Dr. King Street,” with no city nor county named.
¶ 8. One witness who testified stated that she lived at a certain address in Clarksdale. We find nothing in her testimony that connects her residence to the scene of the crime at Paul Edwards Street.
¶ 9. It would appear that the prosecution could usefully have developed a checklist to use with witnesses on what had to be proven. Oversights of course are human, but some oversights have ramifications. Our issue is whether there was enough on which a jury could rely to find that the offense occurred in Coahoma County. The jurors may have known that Paul Edwards Street was a Clarksdale location, and that there was a Dr. King Street there as well. The trial judge might have known both as well. No evidence exists of either, however. This point raises a question of the proper reach of judicial notice.
¶ 10. A rale of evidence provides that a “judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.” M.R.E. 201(b). The comment to the Rule is quite instructive:
Subsection (b) provides that only certain kinds of facts may be susceptible to judicial notice. The first kind of fact that can be judicially noticed is one that is commonly known in the jurisdiction in which the court sits. The judge himself need not know the fact. Indeed, it is altogether irrelevant whether he does. The test is whether the fact is common knowledge in the area. The use of judicial notice for matters of common knowledge has long been practiced in Mississippi. On what street the local department store is located is the kind of commonly known fact of which a court may take judicial notice.
M.R.E. 201 cmt. If a proper matter for judicial notice is that a certain store is on a specific street, we find even less difficult the taking of judicial notice that a certain street is in a specific county, at least if the street has a sufficiently unusual name.
¶ 11. Had Thomas made an explicit argument at the end of the State’s case-in-chief that venue was never proved, then the State might have pointed out that the court could “take judicial notice if requested by a party and supplied with the necessary information.” M.R.E. 201(d). Thomas could have then made a “timely request [for] an opportunity to be heard as to the propriety of taking judicial notice and the tenor of the matter noticed. In the absence of prior notification, the request may be made after judicial notice has been taken.” M.R.E. 201(e). The rale further provides that in a civil trial the court shall instruct the jury to accept as true the matter judicially noticed. On the other hand, in a criminal case the court is to inform the jurors that they are not required to accept as conclusive the facts judicially noticed. M.R.E. 201(g).
¶ 12. None of this occurred. Even though “[j]udicial notice may be taken at any stage of the proceeding” (M.R.E. 201(f)), in a criminal case the notice would seemingly have to be taken in time for an instruction to be given the jury. Thus if the State’s response to a directed verdict *251 motion was to ask for judicial notice that Paul Edwards Street was in Clarksdale, Coahoma County, the trial judge could have done so but then would have to instruct the jury that they might reject the conclusion. We now turn to case law under the rule.
¶ 13. One precedent contains a venue defect relatively similar to this one. There the State called two witnesses, neither of whom testified that the crime occurred in any specific county. Smith, 646 So.2d at 541. A county road manager testified that the road on which the crime occurred was a public road and that it was maintained by county funds, but the Supreme Court found important that he “did not testify that he was the county road manager for Pearl River County,” suggesting that such a statement might have been sufficient for venue. Id. at 540.
¶ 14. Relying upon this statement from Smith, we find that the evidence that the responding officer was with the Clarksdale Police Department provides the necessary evidence. It is not much, but we also find that venue was not a contested fact in this trial. There needs to be some proof of every fact necessary for conviction, and this was some evidence. Since an appellate court may take judicial notice that a certain city is located in a particular county on appeal, we notice that Clarksdale is in the heart of Coahoma County. Bearden v. State, 662 So.2d 620, 625 (Miss.1995). The Supreme Court’s implicit excepting of such notice from the evidentiary rule requiring a jury instruction might be justified because of the limited nature of what is being noticed. Regardless, applying Bearden we find no absence of proof of venue.

2. Weight of Evidence

¶ 15. When the weight of evidence is successfully challenged, an accused is entitled to a new trial. We will only order a new trial “when the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice.... ” Benson v. State, 551 So.2d 188, 193 (Miss.1989). When reviewing the evidence, this Court must accept as true the evidence that supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial. Malone v. State, 486 So.2d 360, 366 (Miss.1986).
¶ 16. Here there was conflicting evidence as to who was seen from the window earlier on the night of the offense. Blake testified that it was “Scooba Boo,” while his wife testified that it was Cooper. However, Blake went to the window while his wife remained in bed. A defense alibi witness testified that the defendant was with her in another location at 4:00 a.m. on the day in question. This testimony was put into question by the State’s witness, a former girlfriend, who testified that she overheard Thomas talking to the defense witness about the alibi.
¶ 17. Blake testified that he had a clear view of Thomas’s face as he ran across the bottom of the stairs. Blake was cross-examined about lighting and the narrowness of the stairway. How to weigh such potential defects in testimony is within a broad range for the jurors to decide. Cochran v. State, 278 So.2d 451 (Miss.1973).
¶ 18. The separate matter of venue also does not present a problem with the weight of the evidence. Had venue been a contested issue at trial, the jury’s relying on the slim evidence of Paul Edwards Street being in Clarksdale might have raised question of an unconscionable injustice. Instead the fact that the scene of the charged crime was in Clarksdale was not *252 an issue at all. We find no injustice in the jury’s decision.
¶ 19. THE JUDGMENT OF THE CIRCUIT COURT OF COAHOMA COUNTY OF CONVICTION OF BURGLARY OF A DWELLING AND SENTENCE OF EIGHT YEARS WITH 5 YEARS TO SERVE, 3 YEARS SUSPENDED UNDER TERMS AND CONDITIONS, IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS ARE ASSESSED TO COAHOMA COUNTY.
McMILLIN, C.J., KING, P.J., BRIDGES, IRVING, LEE, MOORE, MYERS, PAYNE, and THOMAS, JJ., CONCUR.