IRVING, J.,
for the Court:
¶ 1. James Roger Lewis filed this appeal from the Circuit Court of Pike County following the denial of his petition for post-conviction relief. Lewis comes before this Court, pro se, asserting that his pleas of guilty were the product of ineffective assistance of counsel. Finding error, we affirm in part and reverse and remand in part.
ANALYSIS OF ISSUE PRESENTED
¶ 2. Lewis pleaded guilty to the unlawful touching and handling of a child for lustful purposes, and adultery and fornication between certain persons forbidden to intermarry. He was sentenced to fifteen years, the first ten years to serve, five years suspended and five years probation.
¶ 3. The circuit court summarily denied Lewis’s petition for post-conviction relief, finding that Lewis failed to allege with required specificity and detail that his counsel’s performance was deficient and that his defense was prejudiced. In addition, the trial court found that Lewis failed to make a prima facie case, warranting an evidentiary hearing on the merits of the ineffective assistance of counsel issue, because he failed to support his allegations with affidavits other than his own, all as required by Robertson v. State, 669 So.2d 11, 13 (Miss.1996). The court also found that “there was no breakdown of the adversarial process due to the assistance rendered by [Lewis’s attorney].”
¶ 4. In Brown v. State, 731 So.2d 595, 598 (Miss.1999), the Mississippi Supreme Court held that a lower court’s decision to deny a petition for post-conviction relief will not be disturbed on appeal unless the trial court’s factual findings are found to be clearly erroneous. However, a de novo review is the applicable standard where questions of law are raised. Id.
¶ 5. The sub-issue of whether Lewis’s post-conviction relief petition failed to allege facts sufficient to justify an eviden-tiary hearing is a question of law, and the ultimate issue of whether the trial court properly denied the relief requested in the petition, where the allegation was ineffective assistance of counsel, is perhaps a question of both law and fact, requiring partial de novo review.
¶ 6. We have examined the record and agree with the trial judge that Lewis did not attach any affidavits other than his own to his petition for post-conviction relief. Normally, this would be enough to find, on the authority of Robertson which was cited by the trial judge, that Lewis was not entitled to an evidentiary hearing on the merits of his claim of ineffective assistance of counsel. However, the transcript of the plea colloquy raises a troublesome question.[1] We turn now to that discussion.
¶ 7. The transcript of the plea hearing reveals the following exchange:
THE COURT: Has he [Lewis’s counsel] gone over the indictment with you and' the elements of the crime?
MR. LEWIS: Well, yeah. Yes, sir.
THE COURT: Has he gone over the discovery material provided from the district attorney’s file with you?
MR. LEWIS: For one of the charges. Didn’t have nothing on the other.
*637 MR. LUCKETT (counsel for Lewis): You’ve seen what they have?
MR. LEWIS: Bight. But one didn’t happen in this state.
THE COURT: Okay.
(emphasis added).
¶ 8. Neither the trial court nor the prosecutor responded to Lewis’s statement that “one didn’t happen in this state.” The record contains no follow-up questions or discussion which would explain what Lewis was referring to, or what he meant by his statement that “one didn’t happen in this state.” The record reveals that Lewis was charged with two offenses: cause number 99-151-KB and 99-152-KB. In the italicized portion of the quoted passage, Lewis advised that one of the offenses did not occur in this state. Clearly, if the offense did not occur in this state, the trial court had no jurisdiction to accept Lewis’s guilty plea.
¶ 9. In his petition, Lewis alleged:
[His counsel] counsel, fail [sic] to secure with diligent effort’s [sic] an opportunity for this client to view any and all evidence held by the State, which would have given this client a chance to make a more informed, and intelligent decision as to whether he wished to go to trial or enter the plea of guilt [sic].
[[Image here]]
Attorney Luckett fail [sic] to investigate into Mr. Lewis [sic] alledge [sic] crimes, or to interview any witnesses, if [sic] Attorney Luckett would have investigated this cause, he would have found out that the petitioner Lewis was not even in the State of Mississippi when the alledge [sic] charge of touching, handling, etc., child for lustful purpose, cause no: # 99-151-KB. [sic] Not only was the petitioner in the said state [sic], the victim was not in the State of Mississippi when these allegations was said [sic] to have taken place, they [sic] both were in the State of California. Petitioner came to Mississippi in September 1998. So it was impossible for Mr. Lewis to be indicted for this charge in this state. This shows once again that Attorney Luckett was deficient in his investigating.
¶ 10. In our judgment, the transcript of the plea hearing raises a substantial question regarding the trial court’s jurisdiction over at least one of the offenses to which Lewis pleaded. It is hard to imagine that Lewis would have been indicted for an offense that did not occur within the borders of this state. Nevertheless, this is the contention that Lewis made in his petition for post-conviction relief before the trial judge. As shown by the passage quoted above from the plea hearing, this was not a new allegation surfacing for the first time in the post-conviction relief petition. This allegation was in fact made prior to the trial court accepting Lewis’s guilty plea. We also point out that the record is silent as to a factual basis for the pleas. Therefore, on the peculiar facts of this case, we feel constrained to reverse and remand this matter to the trial court for an evidentiary hearing on Lewis’s allegation that one of the offenses, to which he pleaded guilty, did not occur with the territorial limits of this state. Accordingly, the judgment of the trial court denying post-conviction relief is reversed and remanded for further proceedings consistent with the holding of this opinion. For purposes of remand, we make clear, however, that our holding applies only to the one offense which Lewis contends did not occur in this state. As to the other offense, we affirm the decision of the trial court.
¶11. THE JUDGMENT OF THE PIKE COUNTY CIRCUIT COURT DENYING POST CONVICTION COLLAT *638 ERAL RELIEF IS AFFIRMED IN PART AND REVERSED AND REMANDED IN PART. ALL COSTS ARE ASSESSED TO PIKE COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.

. When the record was transmitted, the transcript of the plea hearing was not included. However, the transcript was obtained at the request of this Court.