913 So.2d 1024 (2005)
Ernesto Ignacio SANCHEZ a/k/a Ernesto Sanchez, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2004-CP-00392-COA.
Court of Appeals of Mississippi.
May 10, 2005.
*1025 Ernesto Sanchez, Appellant, pro se.
Office of Attorney General by Billy L. Gore, attorney for appellee.
Before KING, C.J., IRVING and BARNES, JJ.
BARNES, J., for the Court.
¶ 1. This case comes before the Court as an appeal from the circuit court's denial of post-conviction collateral relief and motion to supplement. Finding no error, we affirm.

*1026 SUMMARY OF FACTS AND PROCEDURAL HISTORY
¶ 2. On September 19, 1995, Ernesto Sanchez (Sanchez) and two other individuals were arrested and charged with armed robbery. On October 19, 1995, a Rankin County grand jury returned a two-count armed robbery indictment against the three: Sanchez, Belinda Perez and Ronnie Chancy. Count I alleged that on September 16, 1995, the three took $100 at knife-point from a BP gas station employee. Count II alleged that on September 18, 1995, they took $127.25 from the same victim at knife-point.
¶ 3. On March 15, 1996, Sanchez pled guilty in the Circuit Court of Rankin County to two counts of armed robbery. In the sentencing hearing on April 11, 1996, the judge orally sentenced Sanchez to twenty-five years on Count I and fifteen years on Count II, to run consecutively. On April 12, 1996, Sanchez filed a motion to reconsider the sentence, claiming that "[t]he sentence imposed appears to be the product of inaccurate and incomplete information provided to the Sentencing Judge outside the presence of the Defendant and his counsel." The motion continued that "despite the open plea," the district attorney's office "disclosed" a recommendation to the sentencing judge who later indicated he was unaware of the recommendation. Sanchez requested a hearing and new sentencing order "in the interest of justice and to avoid an unconscionable injustice." Finally, the motion contended that the sentence violated the Eighth and Fourteenth Amendments to the United States Constitution, as disproportionate to the gravity of the offense. The sentencing judge thereafter reduced Sanchez's sentence by nine years. The prisoner commitment notice, dated April 16, 1996, reflects that Sanchez was sentenced to twenty-one years on Count I and ten years on Count II, to run consecutively.
¶ 4. Over two years following his sentencing, Sanchez filed a motion for post-conviction relief, arguing the same matters which were raised in the motion for reconsideration. The petition contained no affidavits to support Sanchez's contention regarding the content of the original plea bargain agreement. The trial court denied the motion on February 8, 1999. Citing Sanchez's petition to enter guilty plea, the court found that Sanchez had entered an open plea and that the district attorney made no recommendation; the court continued, however, that had a recommendation been made, the sentencing judge would not have been required to follow it. Nonetheless, the court found that the sentencing judge "did, in fact, reconsider and resentence petitioner to a somewhat lighter sentence." The court concluded that the sentence "was well within the limitations allowed" by statute for the offense of armed robbery and denied the petition for post-conviction relief.
¶ 5. On October 7, 2003, the circuit court granted Sanchez's motion for out of time appeal. Shortly thereafter, in November of 2003, four years and nine months after the order denying his petition for post-conviction relief, Sanchez filed a motion for leave to supplement the petition, attempting to add to the record affidavits of himself and Ronnie Chancy and to raise two claims not specifically addressed in the original petition. Sanchez's motion to supplement was denied on December 16, 2003. That denial, together with the February 8, 1999 denial of Sanchez's petition for post-conviction relief, are presently before this Court on appeal. Sanchez requests that we reverse and either remand the case with instructions that the purported plea agreement be enforced or that Sanchez be allowed to withdraw his plea and proceed to trial by jury.

*1027 ISSUES ON APPEAL
¶ 6. In his appeal to this Court, Sanchez presents the following two issues for review, which we quote verbatim:
I. Whether the trial court erred in denying the appellant post-conviction relief where the record showed that the appellant's sentence was a result of the breached plea bargain agreement that was made between defense counsel and the district attorney?
II. Whether the trial court erred in denying the appellant's motion to supplement his motion for post-conviction relief where the facts of the appellant's original post conviction motion clearly indicated beforehand that the appellant's guilty plea was a product of defense counsel's advice of a plea bargain agreement that was later breached by the prosecutor and never disclosed to the sentencing court prior to sentencing, resulting in ineffective assistance of counsel and an involuntary guilty plea?

STANDARD OF REVIEW
¶ 7. When reviewing the denial of a post-conviction motion, the Court will not disturb a trial court's finding of fact unless found to be clearly erroneous. Golmon v. State, 844 So.2d 1178, 1179(¶ 2) (Miss.Ct.App.2003). In order to resolve the merits of the allegations, the trial judge must review the "original motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack." Miss.Code Ann. § 99-39-11(1) (Rev.2000).

ANALYSIS

I. Whether the trial court erred in denying Sanchez's motion for post-conviction relief.
¶ 8. The trial court was not clearly erroneous in denying Sanchez's motion for post-conviction relief. Sanchez's allegations that his sentence was the result of a breached plea bargain agreement entered between defense counsel and the district attorney materially contradict the sworn assertions and acknowledgments found in Sanchez's six-page petition to enter a guilty plea. "Great weight is given to statements made under oath and in open court during sentencing." Young v. State, 731 So.2d 1120, 1123(¶ 12) (Miss.1999). "The trial court is right to place great emphasis upon th[e] statements under oath made ... in open court during the taking of ... guilty pleas and sentencing. There should be a strong presumption of validity of anyone's statement under oath." Mowdy v. State, 638 So.2d 738, 743 (Miss.1994).
¶ 9. The petition to enter guilty plea, sworn by Sanchez on March 15, 1996, under the trustworthiness of the official oath, confirmed that the district attorney was to make "no recommendation [for] an open plea in both [C]ount I and Count II of the indictment" and that the "State has made no agreement with me regarding those charges except as expressly stated ... above...." In his petition, Sanchez recognized "that any sentence I may receive is up to the court, that the court is not required to carry out any understanding made by me and my attorney with the District Attorney; I understand that the court is not required to follow the recommendation of the District Attorney, if any." The petition also affirmed "that no officer or agent of any branch of government ... has made any promise or suggestion of any kind to me, or within my knowledge, to anyone else, that I will receive a lighter sentence, or probation, or any other form of leniency if I plead guilty" and that "if I have been told by my lawyer that I might receive probation or a light sentence, this *1028 representation is merely his opinion and that it is not binding on the court or the District Attorney." Sanchez attested to the truthfulness of these assertions by subscribing his name at the bottom of each page of the petition. His attorney not only signed the petition but also certified "to the best of [his] knowledge and belief the statements, representations, and declarations made by the defendant in the foregoing petition are in all respects accurate and true."
¶ 10. Based upon a finding that Sanchez's allegations in his petition for post-conviction relief contradict the sworn representations in his petition to enter guilty plea, the trial judge was correct in disregarding his contentions. See Mowdy, 638 So.2d at 743. Moreover, while the sentencing judge was not required to follow any recommendation of the district attorney, a fact Sanchez expressly acknowledged in his petition, he did reconsider Sanchez's sentence when a possible error was brought to his attention and reduce the sentence by nine years.[1] Accordingly, the trial court did not err in denying Sanchez's petition for post-conviction relief.

II. Whether the trial court erred in denying the appellant's motion to supplement his petition for post-conviction relief.
¶ 11. Four years and nine months after the order denying his petition for post-conviction relief, Sanchez filed a motion for leave to supplement the petition, attempting to add to the record affidavits of himself and Ronnie Chancy recounting the specifics of their alleged plea bargain and to raise two claims not specifically addressed in the original petition. Ineffective assistance of counsel and involuntary plea were claims Sanchez presented in the supplemental pleadings but had not been presented to the trial court in his original petition for post-conviction relief. The trial court denied the motion to supplement because the original motion for post-conviction relief had already been ruled on as filed and, with respect to the claim of ineffective assistance of counsel, Sanchez failed to satisfy the requirements of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
¶ 12. Claiming error in the trial court's denial of his motion to supplement, Sanchez contends that supplementation would have been proper under Rule 15(d) of the Mississippi Rules of Civil Procedure. That rule, however, states that "the court may ... permit the party to serve a supplemental pleading setting forth transactions, occurrences, or events which have happened since the date of the pleading sought to be supplemented." M.R.C.P. 15(d) (emphasis added). In the instant case, nothing Sanchez seeks to add to his *1029 petition occurred since the date of that pleading. While the affidavits sought to be added to the petition were executed since the date of the original petition, the allegations contained therein all relate to events which occurred prior to the date of the original petition. Hence, Sanchez's reliance upon Rule 15(d) is misplaced.
¶ 13. The State contends that Sanchez's motion to supplement his original petition was properly denied because it was, in effect, nothing more than a second motion for post-conviction relief filed years after the first motion had been reviewed and denied. We agree. Section 99-39-23(6) of the Mississippi Code provides that "any order dismissing the petitioner's motion or otherwise denying relief under this chapter is a final judgment and shall be conclusive until reversed." Miss.Code Ann. § 99-39-23(6) (Rev.2004). Sanchez's attempt to supplement his petition for post-conviction relief over four-and-a-half years after the trial court's denial of that petition is, in effect, a successive motion which is procedurally barred under section 99-39-23(6).
¶ 14. Although procedurally barred, Sanchez's claim of ineffective assistance of counsel was specifically addressed, and rejected, by the trial court. We affirm. In order to establish ineffective assistance of counsel, a defendant must satisfy the two-prong test enumerated in Strickland, and adopted by the Mississippi Supreme Court in Stringer v. State, 454 So.2d 468, 476-77 (Miss.1984). Under Strickland, the defendant must not only show that the performance of counsel was so deficient "that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment," but also that the deficient performance "prejudiced the defense" so "as to deprive the defendant of a fair trial...." Strickland, 466 U.S. at 687, 104 S.Ct. 2052. Applying the Strickland test to the case at bar, we note that many of Sanchez's contentions contradict his sworn petition to enter a guilty plea and were, thus, properly rejected by the trial court. See Mowdy, 638 So.2d at 743. Sanchez does, however, contend that one matter, which occurred following his guilty plea, constituted ineffective assistance of counsel: that his attorney failed to assure that the sentencing judge was informed of the district attorney's recommended sentence. This argument is without merit. The motion to reconsider states that "the recommendation of the District Attorney's Office was disclosed to the Sentencing Judge despite the open plea." Upon realizing that the court might not have recalled or appreciated the recommendation, counsel immediately called the matter to the court's attention via the motion for reconsideration. The trial court reconsidered and reduced Sanchez's sentence by nine years. As recognized in Sanchez's petition to enter a guilty plea, the trial court was never bound to follow any recommendation by the district attorney. The trial court correctly determined that Sanchez failed to satisfy the Strickland requirements.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF RANKIN COUNTY DENYING MOTION FOR POST-CONVICTION RELIEF AND DENYING MOTION TO SUPPLEMENT MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO RANKIN COUNTY.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, GRIFFIS, AND ISHEE, JJ., CONCUR.
NOTES
[1] Sanchez did not challenge the constitutionality of his sentence in his briefs on appeal. "[T]his Court has long held that issues not raised on appeal are procedurally barred from consideration." Glover v. Jackson State University, 755 So.2d 395, 398 n. 1 (Miss.2000). Accordingly, any error is waived. The trial court correctly determined that Sanchez's sentence is "well within the limitations allowed" by statute for the offense of armed robbery. This Court will not review a sentence so long as it is within the statutory limits. Law v. State, 822 So.2d 1006, 1009(¶ 9) (Miss.Ct.App.2002) (citing Berry v. State, 722 So.2d 706, 707(¶ 6) (Miss.1998)). Had Sanchez addressed the constitutionality of his sentence on appeal, however, the issue would have been without merit. See Wall v. State, 718 So.2d 1107, 1114(¶ 30) (Miss.1998) (sentence of life without parole not disproportionate for habitual offender whose previous convictions included armed robbery; "armed robbery is a crime of violence per se"); Womack v. State, 827 So.2d 55, 58-59(¶ 13) (Miss.Ct.App.2002) (consecutive sentences of thirty years and ten years imprisonment on two counts of armed robbery not constitutionally disproportionate to crimes committed).