912 So.2d 1083 (2005)
Marc Elliott HENSLEY, Appellant
v.
STATE of Mississippi, Appellee.
No. 2004-KA-01410-COA.
Court of Appeals of Mississippi.
October 18, 2005.
*1084 David Clay Vanderburg, attorney for appellant.
Office of the Attorney General by Jean Smith Vaughan, attorney for appellee.
Before BRIDGES, P.J., MYERS and CHANDLER, JJ.
CHANDLER, J., for the Court.
¶ 1. A jury in DeSoto County convicted Marc Hensley of sexual battery. Hensley appeals, raising the following issues:
I. WHETHER THE JUDGE ERRED IN FAILING TO SEVER COUNT ONE OF THE INDICTMENT
II. WHETHER THE JUDGE ERRED IN DENYING HENSLEY'S MOTION FOR A DIRECTED VERDICT AT THE CLOSE OF THE STATE'S CASE-IN-CHIEF
III. WHETHER THE STATE FAILED TO PROVE JURISDICTION AND VENUE
¶ 2. Finding no error, we affirm.

FACTS
¶ 3. Marc Elliott Hensley was married to Susan Hensley. J.K., Susan's daughter, lived with Hensley and Susan during the marriage. J.K. was eleven years old at the time of trial. S.L. was a good friend of J.K. and often stayed overnight with the Hensley family.
¶ 4. On several occasions, Hensley enticed S.L. and J.K. to play lewd games with him in exchange for candy or money. One of the games was the "dice game," in which the person with the lowest number on the dice would be forced to remove his or her clothing. Another game was the "dare game" in which a person would be dared to touch Hensley or let Hensley touch one of the girls. He also forced the girls to watch pornographic movies with him at times.
¶ 5. Hensley received a four-part indictment. Count one was for fondling a child under the age of sixteen years, in violation of Mississippi Code Annotated Section 97-5-23; counts two and three were for sexual battery for penetrating a child under the age of fourteen, in violation of Mississippi Code Annotated Section 97-3-95(1)(d); *1085 and count four was for attempted sexual battery, in violation of Mississippi Code Annotated Section 97-1-7. Hensley was found not guilty of count one, the court ordered a directed verdict as to count two, Hensley was found guilty of count three, and the court ordered a severance of count four.

I. WHETHER THE JUDGE ERRED IN FAILING TO SEVER COUNT ONE OF THE INDICTMENT
¶ 6. In the present the case, the victims were S.L., who was the victim in indictment count one; J.K., who was the victim in indictment counts two and three; and K.H., who was the victim in indictment count four and whose case was tried separately. The circuit court judge held that the crimes against S.L. and J.K. should be tried in the same trial.
¶ 7. In deciding whether severance is proper in a multi-count indictment, "the trial court should consider the time period between offenses, whether evidence proving each offense would be admissible to prove the other counts, and whether the offenses are interwoven." Eakes v. State, 665 So.2d 852, 861 (Miss.1995) (citing Corley v. State, 584 So.2d 769, 772 (Miss. 1991)). "If this procedure is followed, this Court will give deference to the trial court's findings on review, employing the abuse of discretion standard." Id.
¶ 8. In the present case, the circuit court judge found a common scheme in relation to Hensley's acts with S.L. and J.K. Hensley offered both S.L. and J.K. candy and other rewards if they did not tell anyone and allowed him to touch them. Both girls were asked to play games, and if they lost, the girls had to take off their clothing. Although S.L. and J.K. were not in the same room when the actual sex crimes occurred, the acts leading up to the sex crimes occurred in the presence of both girls. As the circuit court judge remarked, there was "a sufficient amount of evidence in each case which would be admissible in a trial court of the other, that is what the girls saw and heard and observed themselves, that certainly those cases could be tried together." The judge was within her discretion in making this finding.

II. WHETHER THE JUDGE ERRED IN DENYING HENSLEY'S MOTION FOR A DIRECTED VERDICT AT THE CLOSE OF THE STATE'S CASE-IN-CHIEF
¶ 9. At the close of the State's case, Hensley's attorney moved for a directed verdict with respect to counts two and three of the indictment. Count two alleged that Hensley committed sexual battery by placing his penis in the vagina of J.K. Count three alleged that Hensley committed sexual battery by placing his penis in the mouth of J.K. The circuit court granted a directed verdict on count two but denied a directed verdict for count three.
¶ 10. A directed verdict challenges the sufficiency of the evidence presented at trial. Shelton v. State, 853 So.2d 1171, 1186(¶ 48) (Miss.2003). This Court will affirm when there is substantial evidence in support of the verdict that would allow reasonable and fair-minded jurors to find the defendant guilty. McMillan v. King, 557 So.2d 519, 522 (Miss.1990).
¶ 11. J.K. testified that Hensley touched her in her private area, and Hensley told her to touch him in his private area. When Hensley touched her, she was lying on the floor or on the couch. Most of the time, Hensley would push her down. She could not see where his hands were, but she knew he was touching her and she could see the top of his head. She also testified that Hensley ejaculated on her stomach. When Hensley asked J.K. to *1086 touch him, J.K. would be instructed to touch his private area with her hand or mouth. J.K. also testified that Hensley and J.K. went swimming at the Holiday Inn of Southaven, where Hensley would touch her and hold her between her legs. J.K.'s testimony shows that Hensley penetrated J.K. by placing his penis in J.K.'s mouth, and the evidence is sufficient to support a conviction of sexual battery. See Miss Code Ann. § 97-3-95(1)(d) (Rev. 2000). J.K.'s credibility as a witness is within the province of the jury. Higgins v. State, 725 So.2d 220, 225(¶ 29) (Miss. 1998). This issue is without merit.

III. WHETHER THE STATE FAILED TO PROVE JURISDICTION AND VENUE
¶ 12. In a criminal case, venue is jurisdictional, must be proved, and may be raised for the first time on appeal. Crum v. State, 216 Miss. 780, 788, 63 So.2d 242, 245 (1953). The venue of a criminal offense is in the county where the crime was committed, unless otherwise provided by law. Miss.Code Ann. § 99-11-3(1) (Rev. 2000). Proof of jurisdiction may be shown either by direct or circumstantial evidence. Smith v. State, 646 So.2d 538, 541 (Miss. 1994). Hensley claims that jurisdiction was never proved because J.K. never stated that Hensley's criminal acts occurred within DeSoto County. Hensley argues that there was an issue as to where the crimes occurred, because Hensley, Susan, and J.K. moved several times. The family lived in Southaven when Hensley first married Susan, moved to Horn Lake and stayed for approximately one month, moved from Horn Lake to Walls for approximately six months, and moved from Walls back to Horn Lake. When Hensley moved to Horn Lake the second time, J.K. moved out and lived with her father.
¶ 13. J.K. testified that Hensley committed repeated acts of sexual battery on her, and these acts took place in the house in which she and Hensley were living. Although Hensley and J.K. moved several times during the time in question, all the moves were within DeSoto County. J.K. also testified as to incidents of sexual crimes at the Holiday Inn in Southaven. The incidents of sexual battery clearly occurred in DeSoto County, Mississippi. An appellate court can take judicial notice on appeal that a certain city is located within a particular county. Thomas v. State, 784 So.2d 247, 251(¶ 14) (Miss.Ct.App.2000). This Court takes judicial notice of the fact that Southaven, Walls, and Horn Lake are all located in DeSoto County. This issue is without merit.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF DESOTO COUNTY OF CONVICTION OF SEXUAL BATTERY AND SENTENCE OF TWENTY-FIVE YEARS, WITH FIVE YEARS SUSPENDED, IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, MYERS, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.