¶ 1. Johnny Larond Plummer pled guilty to statutory rape in the Circuit Court of Clarke County. Plummer was sentenced to serve twenty years, with ten years suspended *Page 188 
and five years of post-release supervision, in the custody of the Mississippi Department of Corrections, and to pay court costs and lab fees, as well as a fine in the amount of $10,000. Plummer's pro se motion for post-conviction relief was dismissed by the circuit court. Aggrieved by the court's decision, Plummer appeals. Finding no error, we affirm.
 FACTS ¶ 2. On September 3, 2003, Plummer was indicted by a Clarke County grand jury for feloniously engaging in sexual intercourse with a female child under the age of fourteen on or about May 27, 2002. At the time the statutory rape occurred, Plummer was approximately forty years old.
 ¶ 3. James N. Potuk, Plummer's appointed counsel, assisted Plummer in filling out a petition to enter a plea of guilty. In the petition, Plummer acknowledged that he was entering a blind plea to the crime of statutory rape, and that, if convicted, he could be sentenced from zero to thirty years and/or a fine in the amount of zero to $10,000. Plummer also acknowledged that he read and understood the constitutional rights he waived by pleading guilty and that he was entering a plea of guilty freely and voluntarily. Furthermore, Plummer acknowledged that his attorney was fully informed as to all of the facts and circumstances surrounding his case and that he did all that anyone could do to counsel and assist him.
 ¶ 4. The circuit court accepted Plummer's guilty plea during a hearing held on December 16, 2003. He testified that he understood the crime with which he was charged, as well as any possible defenses, and that he could possibly receive a sentence from zero to thirty years and a fine from zero to $10,000. Plummer further testified that he and his attorney reviewed his petition to enter a plea of guilty and that he understood the information contained in the petition. The judge then explained to Plummer that he possessed the following rights: (1) the right not to plead guilty; (2) the right to a speedy public trial by a jury; (3) the presumption of innocence; (4) the right to confront his accusers; (5) the right to testify in his own defense, if he chose to do so; and (6) the right to have legal representation throughout his trial and appeal. The judge further explained to Plummer that by entering a plea of guilty, he waived the aforementioned rights. Plummer responded that he understood. The judge also explained that he was not bound by any recommendation, and that he could sentence Plummer anywhere from the minimum to the maximum sentence. Plummer testified that no one forced him into pleading guilty. He also testified that his attorney went over his case with him, and that he was satisfied with the advice and assistance of his attorney.
 ¶ 5. During the hearing, Plummer admitted that, on May 27, 2002, he had sexual intercourse with a female child under the age of fourteen, and that, as a result, he was the father of the child's baby. Plummer testified that he had sexual intercourse with the child at a hotel in Meridian, which is located in Lauderdale County. Plummer admitted, however, that he had given a written statement to the police that he had sexual intercourse with the child while in his vehicle in Pachuta, Clarke County. Nonetheless, Plummer further stated that he picked the child up in Pachuta, and then drove to Lauderdale County before engaging in sexual intercourse. The court then asked Plummer whether he understood that he was charged with having sexual intercourse in Clarke County not in Lauderdale County, and whether he still wanted to plead *Page 189 
guilty. Plummer replied that he still wanted to plead guilty.
 ¶ 6. On February 25, 2004, Plummer was sentenced to serve twenty years, with ten years suspended and five years of post-release supervision, in the custody of the Mississippi Department of Corrections. Plummer was also sentenced to pay court costs in the amount of $246.50, lab fees in the amount of $300, and a fine in the amount of $10,000. Plummer filed a pro se motion for post-conviction relief on November 3, 2004. The circuit court entered an order dismissing Plummer's motion on June 14, 2005. Plummer appeals, asserting the following issues for this Court's review: (1) whether the trial court had subject matter jurisdiction; (2) whether Plummer received ineffective assistance of counsel; (3) whether the trial court erred by improperly increasing Plummer's fine from $10,000 to $10,546.50; and (4) whether the trial court erred in referring to Plummer as "Ron" during sentencing.
 STANDARD OF REVIEW ¶ 7. When reviewing the denial of a motion for post-conviction relief, we will not disturb the trial court's factual findings unless they are found to be clearly erroneous.Pace v. State, 770 So.2d 1052, 1053 (¶ 4) (Miss.Ct.App. 2000) (citing Terry v. State,755 So.2d 41, 42 (¶ 4) (Miss.Ct.App. 1999)). Where questions of law are raised, however, the applicable standard of review is de novo. Id.
 ISSUES AND ANALYSIS I. Whether the trial court had subject matter jurisdiction.
 ¶ 8. Plummer asserts that the trial court lacked subject matter jurisdiction because the crime occurred in Lauderdale County rather than Clarke County. In addressing this issue, we first note that Plummer's argument actually challenges the sufficiency of the State's evidence of venue, rather than subject matter jurisdiction. Nevertheless, "[i]n criminal cases, venue is jurisdictional, must be proved, and may be raised for the first time on appeal." McBride v. State934 So.2d 1033, 1035 (¶ 10) (Miss.Ct.App. 2006) (citingHensley v. State, 912 So.2d 1083, 1086 (¶ 12) (Miss.Ct.App. 2005)). "Where there is sufficient evidence to lead a reasonable trier of fact to conclude that part or all of the crime occurred in the county where the case is being tried, then evidence of venue is sufficient." Id. (citingHill v. State, 797 So.2d 914, 916 (¶ 10) (Miss. 2001)).
 ¶ 9. During the guilty plea hearing, Plummer stated that he was at a hotel in Meridian when he had sexual intercourse with the child. His earlier statement to the police, however, was that they had sex in his car in Pachuta. The court asked Plummer why he gave a written statement to the police that the sexual intercourse occurred in his vehicle, which was parked outside of his cousin's house in Pachuta in Clarke County. Plummer replied that he picked up the child in Pachuta and then drove to Lauderdale County. The court then asked Plummer whether he understood that he was charged with having sexual intercourse in Clarke County not in Lauderdale County, and whether he still wanted to plead guilty. Plummer replied that he still wanted to plead guilty.
 ¶ 10. Mississippi Code Annotated section 99-11-19
(Rev. 2000) provides the following:
 [w]hen an offense is committed partly in one county and partly in another, or where the acts, effects, means, or agency occur in whole or in part in different counties, the jurisdiction shall be in either county in which said offense was commenced, prosecuted, or consummated, *Page 190 
where prosecution shall be first begun.
Plummer testified that he picked the child up in Pachuta and drove her to Lauderdale County, where they had sexual intercourse. Therefore, whether the crime actually occurred in whole or in part in Clarke County, by Plummer's own admission the means by which he accomplished the crime at least commenced in Clarke County when he picked up his young victim to have sex with her. Consequently, we find that Plummer's testimony during the guilty plea hearing constituted sufficient evidence to lead a reasonable trier of fact to conclude that part or all of the crime occurred in Clarke County. We further find that the Circuit Court of Clarke County had jurisdiction and venue of this case.
 ¶ 11. As stated above, Plummer seems to confuse the issue of jurisdiction with that of venue when he argues the trial was improper in Clarke County. Nevertheless, the judge addressed this issue during the plea hearing when he asked Plummer whether he wished to take issue with the discrepancy. Plummer did not. Instead he wanted to go ahead and plead guilty. Furthermore, the Lauderdale and Clarke counties are part of the same circuit court district. A change of venue would not alter the outcome of this case. Had he been reindicted in Lauderdale County, the trial would have been before the same court with the same judges. This issue is without merit.
 II. Whether Plummer received ineffective assistance of counsel.
 ¶ 12. Under this assignment of error, Plummer asserts that the "counsel and trial judge had a conflict of interest in this case because of the age difference between the alleged victim and [Plummer]." Plummer further asserts that the transcript and record were "falsified" because "there are words added and words taken out." Regarding ineffective assistance of counsel, Plummer maintains that he was prejudiced by his attorney's deficient performance because his attorney "used lies and deceit" to induce him to sign the petition to enter a plea of guilty. Consequently, Plummer additionally argues that his guilty plea was not made voluntarily or intelligently because his attorney, as well as the trial judge, induced him to enter the plea.
 ¶ 13. The standard of review for a claim of ineffective assistance of counsel was set forth by the United States Supreme Court in Strickland v. Washington,466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To bring a successful claim for ineffective assistance of counsel, pursuant to the court's ruling in Strickland, the defendant must prove that his attorney's overall performance was deficient and that this deficiency deprived him of a fair trial. Id. at 689, 104 S.Ct. 2052; Moore v.State, 676 So.2d 244, 246 (Miss. 1996) (citing Perkinsv. State, 487 So.2d 791, 793 (Miss. 1986)). We must be mindful of the "strong but rebuttable presumption that an attorney's performance falls within a wide range of reasonable professional assistance and that the decisions made by trial counsel are strategic." Covington v. State,909 So.2d 160, 162 (¶ 4) (Miss.Ct.App. 2005) (quoting Stevenson v.State, 798 So.2d 599, 602 (¶ 6) (Miss.Ct.App. 2001)). To overcome this presumption, the defendant must demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694,104 S.Ct. 2052; Woodson v. State, 845 So.2d 740, 742 (¶ 9) (Miss.Ct.App. 2003).
 ¶ 14. We find nothing in the record to support Plummer's claim that he received ineffective assistance of counsel. In the petition to enter a plea of guilty, Plummer *Page 191 
acknowledged that his attorney was fully informed as to all of the facts and circumstances surrounding his case and that he did all that anyone could do to counsel and assist him. Furthermore, during the guilty plea hearing, Plummer testified that his attorney went over his case and reviewed the petition with him, and that his attorney explained to him the crime of statutory rape, as well as possible defenses. Plummer further testified that he was satisfied with the legal advice and help provided by his attorney.
 ¶ 15. We give "[g]reat weight . . . to statements made under oath and in open court during sentencing." Sanchez v.State, 913 So.2d 1024, 1027 (¶ 8) (Miss.Ct.App. 2005) (quoting Young v. State, 731 So.2d 1120, 1123 (¶ 12) (Miss. 1999)). Statements made during guilty plea hearings are made under oath; as such, "[t]here should be a strong presumption of validity." Id. (quoting Mowdy v.State, 638 So.2d 738, 743 (Miss. 1994)). Consequently, we find that Plummer has failed to show that his attorney's overall performance was deficient, and that this deficiency deprived him of a fair trial. This issue is without merit.
 ¶ 16. Under this assignment of error, Plummer also asserts that his guilty plea was coerced and involuntary. A guilty plea is voluntary and intelligent only if the defendant has been advised "concerning the nature of the charge against him and the consequences of the plea." Alexander v. State,605 So.2d 1170, 1172 (Miss. 1992) (citing Wilson v. State,577 So.2d 394, 396-97 (Miss. 1991)). More specifically, the defendant must be informed that by pleading guilty he waives the following: (1) the right to a jury trial; (2) the right to confront adverse witnesses; and (3) the right to protection against self-incrimination. Id. (citing Boykin v.Alabama, 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274
(1969)). Pursuant to Rule 8.04(A)(4)(b) of the Uniform Rules of Circuit and County Court Practice, the trial court must also "inquire and determine . . . [t]hat the accused understands . . . the maximum and minimum penalties provided by law."
 ¶ 17. During the guilty plea hearing, Plummer testified that he understood the crime with which he was charged, as well as any possible defenses he might have, and that he could possibly receive a sentence from zero to thirty years and a fine from zero to $10,000. Plummer also testified that he understood that by pleading guilty he waived the following guarantees: (1) the right not to plead guilty; (2) the right to a speedy public trial by a jury; (3) the presumption of innocence; (4) the right to confront his accusers; (5) the right to testify in his own defense, if he chose to do so; and (6) the right to have legal representation throughout his trial and appeal. Plummer testified that he understood that the judge was not bound by any recommendation, and that he could be sentenced anywhere from the minimum to the maximum sentence. Plummer also testified that no one forced him into pleading guilty. It should also be noted that, in the petition to enter a plea of guilty, Plummer acknowledged that he read and understood the constitutional rights he waived by pleading guilty and that he was entering a plea of guilty freely and voluntarily. Consequently, we find that the circuit court did not err in dismissing Plummer's motion for post-conviction relief as to this issue.
 III. Whether the trial court erred by improperly increasing Plummer's fine from $10,000 to $10,546.50.
 ¶ 18. This issue was not raised in Plummer's original motion for post-conviction *Page 192 
relief. Therefore, we decline to address this issue, as it may not be raised for the first time on appeal. Gardner v.State, 531 So.2d 805, 809 (Miss. 1988) (citing Colburn v.State, 431 So.2d 1111, 1114 (Miss. 1983)).
 IV. Whether the trial court erred in referring to Plummer as "Ron" during sentencing.
 ¶ 19. Under this assignment of error, Plummer takes issue with the inclusion of the alias, "Ron Plummer," in the indictment. Plummer asserts that the trial court erred because it never established that "Ron Plummer" was an alias used by Johnny Plummer.
 ¶ 20. The indictment clearly charges Johnny Larond Plummer with statutory rape. Moreover, the sentencing order is styled "State of Mississippi v.s. Johnny Larond Plummer." This issue is wholly without merit.
 ¶ 21. THE JUDGMENT OF THE CIRCUIT COURT OF CLARKECOUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OFTHIS APPEAL ARE ASSESSED TO CLARKE COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, CARLTON, JJ., CONCUR. ROBERTS, J., NOT PARTICIPATING.