CARLTON, J.,
 

 for the Court.
 

 ¶ 1. Kambule timely filed a motion for post-conviction relief on June 16, 2000. The Circuit Court of Madison County denied the motion. Kambule presents two issues on appeal: (1) whether the circuit court erred in finding Kambule’s guilty plea knowing and voluntary, and (2) whether the circuit court erred in finding Kambule received effective assistance of counsel when he pled guilty. We find no error and affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. On April 17, 1997, Kambule was indicted for capital murder pursuant to Mississippi Code Annotated section 97-3-19(2)(e) (Rev.2006) for aiding and assisting Santonio Berry in the January 25, 1996, car jacking and murder of Pamela McGill. Kambule, who was represented by Robert McDuff and Chokwe Lumumba, faced the death penalty. Lumumba and McDuff successfully moved the circuit court to bar the State from seeking the death penalty.
 

 ¶ 3. With Kambule now facing the possibility of life without parole on the capital murder charge, Lumumba and McDuff successfully negotiated with the State to obtain a plea agreement for Kambule. The plea agreement allowed Kambule to plead to the lesser offenses of accessory to murder after the fact pursuant to Mississippi Code Annotated section 97-1-5 (Rev. 2006), and armed car jacking pursuant to Mississippi Code Annotated section 97-3-117(2) (Rev.2006). Additionally, Lumumba and McDuff obtained an agreement from the State to nolle prosequi without prejudice the capital murder charge. The State recommended the maximum sentence for each charge: five years for the accessary to murder after the fact charge and thirty years for the armed car jacking charge.
 

 ¶ 4. On June 11, 1997, Kambule entered a guilty plea as to both charges, and the circuit court accepted the plea as knowing and voluntary after engaging in a colloquy with Kambule regarding Kambule’s mental state and willingness to make the plea. On June 16, 1997, a sentencing hearing was held. Although Kambule was allowed to present character witnesses in an attempt to mitigate his sentence, the circuit court followed the State’s recommendation and sentenced Kambule to consecutive sentences of five years on the accessory to murder after-the-fact charge and thirty years on the armed car jacking charge.
 

 ¶ 5. On June 16, 2000, Kambule timely moved for post-conviction relief on the grounds that his guilty plea was neither knowing nor voluntary. Kambule argued that he unquestioningly accepted the advice and counsel of McDuff and Lumumba because he grew up in and was conditioned by the South African apartheid culture. Kambule was granted and received an evi-dentiary hearing on May 23, 2005, but the relief was denied. The circuit court found McDuffs and Lumumba’s representation to be competent at all stages and further found that Kambule’s guilty plea was knowingly and voluntarily made.
 

 
 *122
 
 STANDARD OF REVIEW
 

 ¶ 6. When reviewing a trial court’s denial of a motion for post-conviction relief, this Court will not disturb the trial court’s factual findings unless they are determined to be clearly erroneous.
 
 Clay v. State,
 
 792 So.2d 302, 304(¶ 5) (Miss.Ct.App.2001) (citing
 
 Eldridge v. State,
 
 764 So.2d 515, 516(¶ 8) (Miss.Ct.App.2000)). With regard to the first issue raised by Kambule’s motion for post-conviction relief, the voluntariness of Kambule’s guilty plea, an appellate court will not disturb findings of a trial judge sitting without a jury unless such findings are clearly erroneous or represent an abuse of discretion.
 
 See, e.g., House v. State,
 
 754 So.2d 1147, 1152 (Miss.1999) (citation omitted). On the other hand, the determination of whether a defendant received effective assistance of counsel is a mixed question of law and fact to be reviewed de novo.
 
 Lewis v. State,
 
 798 So.2d 635, 636(¶ 5) (Miss.Ct.App.2001).
 
 [1]
 

 DISCUSSION
 

 I. KAMBULE’S GUILTY PLEA
 

 ¶ 7. In asking the Court to reverse the circuit court’s denial of his motion for post-conviction relief, Kambule first argues that his guilty plea was not knowingly and voluntarily entered. According to Kam-bule, his counsel “all but guaranteed him” that he would receive less than the maximum sentence once he pleaded guilty. The “guarantee” of which Kambule complains is the belief allegedly expressed by Lumumba that the circuit court judge would not impose the maximum sentence upon Kambule.
 

 ¶ 8. At his plea hearing, Kambule was asked by the circuit court judge whether he understood the nature of the charges against him to which Kambule responded in the affirmative. Kambule also responded affirmatively when asked whether he was satisfied with the advice and help of his counsel and whether he understood the State’s sentencing recommendation. More importantly, however, the circuit court judge inquired whether Kambule was promised any favors or other inducements to plead guilty, and Kambule responded: “No.” Finally, the circuit court judge asked Kambule whether anyone tried to force, threaten, or intimidate him into pleading guilty, and Kambule answered: “No.”
 

 ¶ 9. Kambule maintains these statements during his plea colloquy are irrelevant. However, under our case law, “[t]here should be a strong presumption of validity of anyone’s statement under oath.”
 
 Sanchez v. State,
 
 913 So.2d 1024, 1027(¶ 8) (Miss.Ct.App.2005) (quoting
 
 Mowdy v. State,
 
 638 So.2d 738, 743 (Miss.1994)). As the excerpts
 
 from
 
 the plea hearing reveal, Kambule stated under oath that he was
 
 *123
 
 not pleading guilty due to promises or inducements, and he was not being threatened or forced to plead guilty. We find that Kambule’s responses, given under oath, cannot be discarded as irrelevant.
 
 See id.
 

 ¶ 10. In fact, Kambule’s responses demonstrate that the circuit court was not clearly erroneous in finding Kambule’s guilty plea to be voluntarily and knowingly made. Trial courts may place great emphasis upon declarations made under oath by a petitioner for post-conviction relief in open court during the taking of guilty pleas and sentencing.
 
 Holt v. State,
 
 650 So.2d 1267, 1270 (Miss.1994) (citing
 
 Mowdy,
 
 638 So.2d at 743). Based in part on the responses given by Kambule, the circuit court found Kambule’s guilty pleas to be voluntarily and knowingly given. This issue is without merit.
 
 See Sanchez,
 
 913 So.2d at 1027(¶ 8).
 

 II. INEFFECTIVE ASSISTANCE OF COUNSEL.
 

 ¶ 11. In determining whether Kambule received ineffective assistance of counsel, the Court applies a two-part test requiring the defendant to prove based on the totality of the circumstances that: (1) his attorneys’ performance was deficient, and (2) that deficiency prejudiced the defendant at trial.
 
 Strickland,
 
 466 U.S. at 687, 104 S.Ct. 2052. Importantly, the defendant bears the burden of proving ineffective assistance, and “[u]nless a defendant makes both showings, it cannot be said that the conviction ... resulted from a breakdown in the adversary process that renders the result unreliable.”
 
 Ransom v. State,
 
 919 So.2d 887, 889(¶ 12) (Miss.2005) (quoting
 
 Foster v. State,
 
 687 So.2d 1124, 1129 (Miss.1996)).
 

 ¶ 12. With regard to
 
 Strickland’s
 
 first prong, considering the totality of the circumstances, we find that Kam-bule cannot prove deficient performance. The test for ineffective assistance of counsel is to be “applied to the overall performance of the attorney.”
 
 Blanch v. State,
 
 760 So.2d 820, 823(¶ 5) (Miss.Ct.App.2000) (citing
 
 Strickland,
 
 466 U.S. at 695, 104 S.Ct. 2052). In that vein, despite the mere hope of a less-than-maximum sentence allegedly conveyed to Kambule by Lumum-ba, Kambule ignores the fact that his counsel filed more than twenty pretrial motions. The number of pretrial motions filed on behalf of a defendant who later claims ineffective assistance of counsel has been recognized and given weight by this Court when determining whether a defendant received effective assistance of counsel.
 
 See Harris v. State,
 
 944 So.2d 900, 906-07(¶ 17) (Miss.Ct.App.2006) (finding defendant Harris received effective assistance of counsel where counsel filed eleven pretrial motions on the defendant’s behalf).
 

 ¶ 13.
 
 Harris
 
 provides additional support in finding that Kambule had effective counsel. The
 
 Harris
 
 Court placed weight on the fact Harris stated under oath he was satisfied with his counsel’s assistance.
 
 Id.
 
 at 907(¶ 18). The
 
 Harris
 
 Court placed even greater weight on the fact that Harris’s counsel secured a plea bargain sparing Harris the possibility of the death penalty.
 
 Id.
 
 at 907(¶ 19).
 

 ¶ 14. Viewing Kambule’s appeal in light of
 
 Harris,
 
 Kambule indicated under oath his satisfaction with the assistance of his counsel. Additionally, Kambule’s counsel successfully moved the circuit court to preclude him from receiving the death penalty. Kambule’s counsel also successfully negotiated with the State to not only nolle prosequi the capital murder charge against him but also to obtain a plea agreement to the lesser offenses of accessory to murder after the fact and armed car jacking. In sum, Kambule’s defense attorneys cannot
 
 *124
 
 be said to have made “errors so serious that counsel was not functioning as the ‘counsel’ guaranteed the defendant by the Sixth Amendment.”
 
 Strickland,
 
 466 U.S. at 687, 104 S.Ct. 2052.
 

 ¶ 15. “In finding that the first prong is not met, a discussion of the second prong is not warranted.”
 
 Harris v. State,
 
 892 So.2d 830, 837(¶ 25) (Miss.Ct.App.2004). Still, looking at the second prong, Kambule cannot demonstrate the allegedly deficient performance prejudiced him such that, but for the belief expressed by Lumumba, there is a reasonable probability Kambule would have insisted on going to trial rather than pleading guilty.
 
 [2]
 
 Kambule asserts, without more, that had he known he would receive the maximum sentence on the charges of accessory to murder after the fact and armed car jacking, he would have insisted on going to trial. This assertion is made despite the fact that going to trial would erase the State’s agreement to nolle prosequi the capital murder charge, thus, subjecting Kambule to the possibility of life in prison without parole.
 

 CONCLUSION
 

 ¶ 16. We find the circuit court did not abuse its discretion in finding that Kam-bule’s counsel was not deficient in representing him. Kambule’s counsel effectively represented him in reducing the possible sentence he faced from death to a sentence of thirty-five years. Moreover, Kambule even indicated under oath his satisfaction with his counsel’s assistance. For the above reasons, we affirm the circuit court’s denial of Kambule’s motion for post-conviction relief.
 

 ¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF MADISON COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, ISHEE AND ROBERTS, JJ., CONCUR. BARNES, J., CONCURS IN RESULT ONLY. MAXWELL, J., NOT PARTICIPATING.
 

 [1]
 

 . Mississippi case law from both the supreme court and this Court indicates a lack of clarity in the characterization of an ineffective assistance of counsel claim as being a question of fact or a question of law and fact.
 
 Compare Ford v. State,
 
 911 So.2d 1007, 1010(¶ 4) (Miss.Ct.App.2005) (stating that ineffective assistance claims are questions of fact and the trial judge’s rulings will not be disturbed unless they are clearly erroneous)
 
 with Lewis,
 
 798 So.2d at 636(¶ 5) (stating that ineffective assistance claims are questions of law and fact requiring a partial de novo review). The United States Supreme Court characterizes ineffective assistance claims as mixed questions of law and fact.
 
 Strickland v. Washington, 466
 
 U.S. 668, 698, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Additionally, the Fifth Circuit Court of Appeals characterizes ineffective assistance claims as questions of law and fact and reviews decisions on such claims de novo.
 
 Smith v. Quarterman,
 
 515 F.3d 392, 403 (5th Cir.2008) (citing
 
 Ladd v. Cockrell,
 
 311 F.3d 349, 357 (5th Cir.2002)). We find the better approach is to treat such claims as mixed questions of law and fact and, thus, review them de novo.
 

 [2]
 

 . In its
 
 post-Stricklaitd
 
 jurisprudence, the Supreme Court indicated the second prong may be satisfied in the guilty plea context where the defendant can prove, but for her counsel’s deficient performance, she would have insisted on going to trial rather than pleading guilty.
 
 Hill v. Lockhart,
 
 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).