PROCEDURAL HISTORY
¶ 1. Nikita Terry was convicted in the Circuit Court of Attala County on one count of burglary of a dwelling house. The circuit court denied Terry's motion for post-conviction collateral relief. Feeling aggrieved, Terry filed this appeal.
 FACTS
¶ 2. On September 5, 1997, Terry pled guilty to the June 13, 1997 burglary of a dwelling. Terry was sentenced to a term of twenty years' imprisonment, with fifteen years to serve and five years on post-release supervision, and was ordered to pay $750 restitution. In his brief, Terry requests this Court grant him an evidentiary hearing on the merits of his claims and remand for re-sentencing under the original indictment.
 ARGUMENT AND DISCUSSION OF THE LAW STANDARD OF REVIEW
¶ 3. Terry raises one issue in this appeal: whether the trial court was correct in denying his motion for post-conviction collateral relief. Additionally, Terry raises grounds in support of this main issue, including (1) his sentence exceeded the maximum penalty under the statute as stated in the indictment; (2) his counsel was ineffective at the trial stage; (3) his plea was not knowing, intelligent and voluntary; and (4) his counsel made misrepresentations to him, coercing him to plead guilty without fully informing him of his options and of probable penalties.
¶ 4. Our standard of review in this case was addressed in Brown v.State, 731 So.2d 595 (Miss. 1999). In Brown, the Mississippi Supreme Court stated, "When reviewing a lower court's decision to deny a petition for post conviction relief this Court will not disturb the trial court's factual findings unless they are found to be clearly erroneous. However, where questions of law are raised the applicable standard of review is de novo." Brown, 731 So.2d at 598.
¶ 5. Questions of law are not raised in the present case, only the denial of the petition for post-conviction relief. Therefore, our standard pursuant to Brown is to determine whether the lower court's findings were clearly erroneous. Finding them not to be, we now affirm the trial court.
 ANALYSIS OF THE ISSUE PRESENTED I. WHETHER OR NOT THE VERDICT WAS AGAINST THE OVERWHELMING WEIGHTOF THE EVIDENCE. *Page 43 
¶ 6. The first point Terry argues concerning his denial of post-conviction relief is whether his sentence exceeded the maximum penalty under the statute as stated in the indictment. Specifically, Terry argues since his indictment on this matter contained the heading "Burglary of Dwelling § 97-17-19", he is entitled to be charged and sentenced pursuant to that statute. As described further in this opinion, Terry has overlooked an important fact. In 1996, several Mississippi statutes were repealed, including § 97-17-19, § 97-17-21, and § 97-17-27. In their places, the legislature introduced a revised § 97-17-23
which combined these all into one section. This new statute which has taken pertinent parts of those repealed statutes and combined them into one new statute reads as follows:
 Every person who shall be convicted of breaking and entering the dwelling house or inner door of such dwelling house of another, whether armed with a deadly weapon or not, and whether there shall be at the time some human being in such dwelling house or not, with intent to commit some crime therein, shall be punished by imprisonment in the Penitentiary not less than three (3) years nor more than twenty-five (25) years.
Miss. Code Ann. § 97-17-23 (Rev. 1996). Terry was correct that under § 97-17-19 the maximum sentence was ten years. However, as described further in this opinion, this statute was not in effect, the State had the right to amend the indictment, and Terry was correctly sentenced under the new statute.
¶ 7. The indictment against Terry was issued August 7, 1997. On September 3, 1997, the State of Mississippi filed a motion to amend the indictment, changing the statute number under which the defendant was charged from then-repealed § 97-17-19 to the correct number § 97-17-23.
¶ 8. Since the changes occurred in 1996 and Terry's crime in the current case took place in 1997, the new statute was in control. Therefore, the mere error in writing the statute incorrectly was of "form" rather than of "substance" and not reason enough to grant Terry an evidentiary hearing on this matter. Rule 7.09 of the Mississippi Uniform Rules of Circuit and County Court (URCCC) states the following law:
 All indictments may be amended as to form but not as to the substance of the offense charged. Indictments may also be amended to charge the defendant as an habitual offender. . . . Amendment shall be allowed only if the defendant is afforded a fair opportunity to present a defense and is not unfairly surprised.
This rule is wholly applicable to Terry's case, proving the motion to amend was well-taken. Though the record is void of any indication the trial court allowed amendment to reflect Terry was a habitual offender under § 99-19-83, as he had three times before been convicted of felony crimes, the court did allow the indictment be amended to reflect the correct statutory law under which Terry was charged, § 97-17-23.
¶ 9. Terry also alleges the State's motion to amend his indictment under URCCC 7.09 was purposely meant as a threat to him to induce him to plea bargain. However, as detailed earlier, the State was fully within its rights in seeking to amend the indictment.
¶ 10. Looking to Weaver v. State, 497 So.2d 1089, 1092 (Miss. 1986), the indictment's charging language there was identical to the statute on point for the crime alleged, yet the indictment failed to state the specific statute number. In Weaver the court said, "The indictment at issue does not designate a specific statute. We have held, however, that this is not fatal where from the language of the indictment the accused may fairly ascertain under what statute he has been charged." Id.
¶ 11. The present case is like Weaver in that the appropriate statute under which Terry was charged and indicted was not *Page 44 
stated, yet the indictment was clear as to the crime with which he was being charged, as the heading stated "burglary of dwelling." Further, in his September 5, 1997 petition to enter plea of guilty, Terry acknowledged with his signature that he knew if he pled guilty to the charge, the maximum sentence was twenty-five years imprisonment. He further affirmed in his plea agreement he knew the district attorney was going to recommend his sentence be fifteen years to serve with the MDOC.
¶ 12. We are led to presume if Terry thought he was being charged with a crime that carried with it a maximum sentence of ten years imprisonment, he would not have affixed his name to a plea agreement that stated he was informed of and agreed to otherwise. Accordingly, Terry is simply misunderstanding the facts and the law as they apply here, as his sentence was well within the applicable statutory law relevant to the crime.
¶ 13. Terry's next allegation regards the effectiveness of his counsel. In Terry's brief, he claims his counsel at the plea phase did not adequately inform him as to the length of his sentence. Once again, however, we have evidence to the contrary in Terry's signed plea agreement. The length of sentence was clearly stated, and Terry also swore in this agreement his lawyer knew of all circumstances and had fully informed Terry on all such matters. Further, Terry attested his attorney had advised Terry of the probabilities of conviction, had not threatened or promised anything to induce the entering of the guilty plea, and Terry was satisfied with the advice and help his lawyer had given him. With this evidence, Terry's allegations of ineffective assistance of counsel are without merit and contradictory to documentary evidence we have on the issue, namely Terry's signed plea agreement.
¶ 14. In further support of his appeal, Terry claims his plea was not knowing, intelligent and voluntary. In Terry's brief, he states he was advised he was pleading to a ten-year sentence. However, in his sworn, signed plea agreement, he manifested he knew he was pleading to a charge that carried a possible twenty-five years' imprisonment and knew the district attorney was recommending fifteen years.
 In order for a contested fact to require an evidentiary hearing it must be material. Moreover, where an affidavit is belied by unimpeachable documentary evidence in the record such as, for example, a transcript or written statements of the affiant to the contrary, to the extent that the court can conclude that the affidavit is a sham, no hearing is required.
Harris v. State, 624 So.2d 100, 102 (Miss. 1993).
¶ 15. Harris, the case Terry cited in his own brief, precludes Terry from receiving the evidentiary hearing for which he asked. As the above-quoted passage states, if there exists unimpeachable documentary evidence of the affiant to the contrary and the affiant's affidavit is "a sham," no hearing is required. Here, we have Terry's signed, sworn plea agreement wherein he attests he was fully informed as to the consequences of his signing the agreement, his attorney adequately described to him his alternatives, and Terry voluntarily signed the agreement to plead guilty. There is no need for an evidentiary hearing on this matter.
¶ 16. Terry's final matter of contention once again regards his counsel. Terry claims his counsel made misrepresentations that resulted in Terry's plea. As discussed earlier, this is no issue for us to consider. The statute Terry relied on, § 99-17-19, had been repealed and "replaced" by § 99-17-23. The plea agreement Terry signed reflects the contents of § 99-17-23, and Terry signed the agreement stating he was fully aware of this.
 CONCLUSION
¶ 17. We presume Terry chooses to rely on § 99-17-19 because the maximum *Page 45 
penalty under that statute is ten years in prison. However, had Terry checked the pocket part of his Mississippi Code, he would have found the revised § 97-17-23 which increased the maximum sentence for burglary of a dwelling to twenty-five years. While we give the utmost benefit of a doubt to pro se appellants, we cannot excuse a misreading of elementary elements, including updated code sections and case law on point. The law nor the facts support Terry's contentions he is entitled to post-conviction relief. Therefore, the finding of the lower court is affirmed.
¶ 18. THE JUDGMENT OF THE ATTALA COUNTY CIRCUIT COURT DENYINGPOST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL AREASSESSED TO THE ATTALA COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P. JJ., BRIDGES, DIAZ, IRVING,LEE, MOORE, AND THOMAS, JJ., CONCUR.