ISHEE, J.,
for the Court.
¶ 1. Travis Orlando Hill pled guilty to possession of marijuana with the intent to *417 sell as an enhanced offender in the Circuit Court of Lauderdale County. He was sentenced to serve thirty years in the custody of the Mississippi Department of Corrections, with credit for 313 days of pretrial incarceration, and to pay court costs in the amount of $249, a crime lab fee in the amount of $300, and a fine in the amount of $5,000. Hill’s pro se motion for post-conviction relief was denied by the circuit court. Aggrieved by the circuit court’s decision, Hill appealed. Finding no error, we affirm.
FACTS
¶ 2. On November 18, 2003, Hill was indicted as a habitual offender by a Laud-erdale County grand jury for the possession of marijuana more than one ounce but less than a kilogram with intent to sell, barter, transfer, distribute or dispense. The indictment stated that the State was seeking an enhanced sentence pursuant to Mississippi Code Annotated section 41-29-147 (Rev.2005).[1]
¶ 3. Ken McNees, Hill’s appointed counsel, assisted Hill in filling out a sworn petition to enter a guilty plea. In the petition, Hill acknowledged that he was entering an open plea and that he could receive a sentence of zero to sixty years as an enhanced offender, and a fine of zero to $2,000,000, if convicted. He also acknowledged that he read and understood the constitutional rights he waived by pleading guilty and that he was entering a plea of guilty freely and voluntarily. Hill further acknowledged that his attorney was fully informed as to all of the facts and circumstances surrounding his case and that he did all that anyone could do to counsel and assist him.
¶ 4. The circuit court accepted Hill’s guilty plea, without a recommendation of a sentence, at a hearing held on April 27, 2004. Hill testified that he understood the crime with which he was charged, and that as a prior offender and an enhanced drug violator, he could possibly receive a sentence from zero to sixty years and a fine of zero to $2,000,000. He further testified that he and his lawyer reviewed his guilty plea petition and that he understood the information contained in the petition. The judge explained to Hill that he possessed the following constitutional guarantees: (1) the right not to plead guilty; (2) the right to a speedy and public trial before a jury, where the State must prove his guilt beyond a reasonable doubt; (3) the presumption of innocence; (4) the right to confront his accusers and testify in his own defense; and (5) the right to have representation throughout his trial and appeal. The judge further explained to Hill that by pleading guilty he would be giving up those rights. Hill responded that he understood.
¶5. Hill further testified at the guilty plea hearing that no one forced or coerced him into pleading guilty. He also testified that his attorney went over his case with him and that he was satisfied with his attorney’s help and advice. Hill explained to the court that he was arrested in August of 2003, and the police found the marijuana that he had placed behind the seat of the patrol car during his arrest. When asked by the judge what he planned to do with the marijuana, Hill originally replied, “I was smoking it.” The judge asked Hill if he was smoking the marijuana, and Hill replied, “yes, sir.” The judge then asked Hill once more whether the marijuana was solely for his personal use *418 or whether he planned to sell or transfer it. Hill answered that he intended to sell it.
¶ 6. On June 25, 2004, the circuit court sentenced Hill to serve thirty years in the custody of the MDOC, with credit for 313 days of pretrial incarceration. The court also ordered Hill to pay court costs in the amount of $249, a crime lab fee in the amount of $300, and a fine in the amount of $5,000. Hill filed a pro se motion for post-conviction relief on April 13, 2005. The circuit court entered an order dismissing Hill’s motion on May 26, 2005. From that dismissal, Hill appeals. He asserts that he received ineffective assistance of counsel for the following reasons: (1) his attorney misinformed him that he would be sentenced to three years if he entered a plea of guilty, which resulted in Hill involuntarily entering his guilty plea; and (2) his attorney did not understand the difference between simple possession and possession with intent.
STANDARD OF REVIEW
¶ 7. When reviewing the denial of a motion for post-conviction relief, we will not disturb the trial court’s factual findings unless they are found to be clearly erroneous. Pace v. State, 770 So.2d 1052, 1053(¶ 4) (Miss.Ct.App.2000) (citing Terry v. State, 755 So.2d 41, 42(¶ 4) (Miss.Ct. App.1999)). Where questions of law are raised, however, the applicable standard of review is de novo. Id.
ISSUES AND ANALYSIS
I. Whether Hill received ineffective assistance of counsel for misinformation regarding the length of his sentence.
¶ 8. The standard for ineffective assistance of counsel was set forth by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Hill must show that his attorney’s overall performance was deficient, and that this deficiency deprived him of a fair trial. Id. at 689, 104 S.Ct. 2052; Moore v. State, 676 So.2d 244, 246 (Miss.1996) (citing Perkins v. State, 487 So.2d 791, 793 (Miss.1986)). We must be mindful of the “strong rebut-table presumption that an attorney’s performance falls within a wide range of reasonable professional assistance and that the decisions made by trial counsel are strategic.” Covington v. State, 909 So.2d 160, 162(¶ 4) (Miss.Ct.App.2005) (quoting Stevenson v. State, 798 So.2d 599, 602(¶ 6) (Miss.Ct.App.2001)). To overcome this presumption, Hill must demonstrate “that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.” Strickland, 466 U.S. at 694, 104 S.Ct. 2052; Woodson v. State, 845 So.2d 740, 742(¶ 9) (Miss.Ct.App.2003).
¶ 9. Hill’s claim that he received ineffective assistance of counsel amounts to the assertion that his attorney informed him that the maximum sentence he could receive was three years. According to Hill, his attorney led him to believe that he was pleading to simple possession, rather than possession with intent. We find that the record does not support Hill’s claim.
¶ 10. Hill specifically wrote in his petition to enter a plea of guilty that he was charged with possession of marijuana with intent. He further wrote that he was entering an open plea and that he could receive a sentence of zero to sixty years as an enhanced offender, and a fine of zero to $2,000,000. During the guilty plea hearing, Hill testified that he understood the crime with which he was charged, and that as a prior offender and an enhanced drug violator, he could possibly receive a sen *419 tence from zero to sixty years and a fine of zero to $2,000,000.
¶ 11. We find nothing in the record to support Hill’s assertion that his attorney rendered ineffective assistance of counsel. Hill clearly understood the nature of the charge against him. He also understood that the possible maximum sentence that he could receive was sixty years, rather than three years. Moreover, we give “[gjreat weight ... to statements made under oath and in open court during sentencing.” Sanchez v. State, 913 So.2d 1024, 1027(¶ 8) (Miss.Ct.App.2005) (quoting Young v. State, 731 So.2d 1120, 1123(¶ 12) (Miss.1999)). Statements made during guilty plea hearings are made under oath; as such, “[tjhere should be a strong presumption of validity.” Id. (quoting Mowdy v. State, 638 So.2d 738, 743 (Miss.1994)). Hill testified during the guilty plea hearing that his attorney went over his case with him and that he was satisfied with the help and advice of his attorney. Furthermore, in his petition to plead guilty, Hill acknowledged that his attorney was fully informed as to all of the facts and circumstances surrounding his case. He also acknowledged that he believed that his attorney did all that anyone could do to counsel and assist him. Consequently, Hill has failed to show that his attorney’s overall performance was deficient, and that this deficiency deprived him of a fair trial. This issue is without merit.
¶ 12. Under this assignment of error, Hill also asserts that his guilty plea was coerced and involuntary. A guilty plea is voluntary and intelligent only if the defendant has been advised “concerning the nature of the charge against him and the consequences of the plea.” Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992) (citing Wilson v. State, 577 So.2d 394, 396-97 (Miss.1991)). More specifically, the defendant must be informed that by pleading guilty he waives the following: (1) the right to a jury trial; (2) the right to confront adverse witnesses; and (3) the right to protection against self-incrimination. Id. (citing Boykin v. Alabama, 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)). Pursuant to Rule 8.04(A)(4)(b) of the Uniform Rules of Circuit and County Court Practice, the trial court must also “inquire and determine ... [tjhat the accused understands the nature and consequences of the plea, and the maximum and minimum penalties provided by law.”
¶ 13. During the guilty plead hearing, Hill testified that he understood the crime with which he was charged, and that as a prior offender and an enhanced drug violator, he could possibly receive a sentence from zero to sixty years and a fine of zero to $2,000,000. He also testified that he had been advised concerning the nature of the charge against him, as his lawyer reviewed the guilty plea petition with him. The following constitutional guarantees were explained to Hill by the circuit court judge: (1) the right not to plead guilty; (2) the right to a speedy and public trial before a jury, where the State must prove his guilty beyond a reasonable doubt; (3) the presumption of innocence; (4) the right to confront his accusers and testify in his own defense; and (5) the right to have representation throughout his trial and appeal. The circuit court judge further explained to Hill that by pleading guilty he waived the aforementioned rights. Hill testified that he understood. He further testified that no one forced or coerced him into pleading guilty. Consequently, we find that this issue is without merit.
II. Whether Hill received ineffective assistance of counsel because his attorney did not understand the difference between simple possession and possession with intent.
¶ 14. As previously mentioned, Hill acknowledged in his petition that his attorney was fully informed as to all of the facts *420 and circumstances surrounding his case. Both in the petition and during the guilty plea hearing, Hill stated that his attorney advised him on the nature of the charge against him. Hill’s attorney was present at the guilty plea hearing, in which the circuit judge recited the charge against Hill and the possible minimum and maximum sentences. Moreover, Hill’s attorney assisted him in filling out the petition to enter a plea of guilty. Hill wrote in that petition that he was charged with possession of marijuana with intent; he acknowledged that he could receive a maximum sentence of sixty years as an enhanced offender, and a maximum fíne of $2,000,000. Therefore, we find that both Hill and his attorney understood the nature of the charge against him. This issue is without merit.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF LAUDERDALE COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAUDERDALE COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, AND BARNES, JJ., CONCUR. ROBERTS, J., NOT PARTICIPATING.

. Hill had previously been convicted of possession of cocaine in February of 1996, and of aggravated assault in June of 1997. Both convictions took place in the Circuit Court of Lauderdale County.