962 So.2d 81 (2007)
James Ray EDGE, Jr. a/k/a Buddy, Appellant
v.
STATE of Mississippi, Appellee.
No. 2006-CP-00012-COA.
Court of Appeals of Mississippi.
July 17, 2007.
*82 James Ray Edge, Jr., Appellant, pro se.
Office of the Attorney General by Billy L. Gore, attorney for appellee.
Before MYERS, P.J., CHANDLER and GRIFFIS, JJ.
CHANDLER, J., for the Court.
¶ 1. James Ray "Buddy" Edge, Jr. pled guilty to burglary of an occupied dwelling pursuant to Mississippi Code Annotated section 97-7-23 (Rev.2006) and was sentenced to serve a term of twenty years in the custody of the Mississippi Department of Corrections, with ten years to serve and ten years suspended with five years on post-release supervision. He was also ordered to complete an alcohol, drug and anger management treatment program while incarcerated and to pay a fine of $725 and restitution of $1,035. The Circuit Court of Itawamba County summarily dismissed his motion for post-conviction (PCR) relief.
¶ 2. On appeal, Edge raises claims of ineffective assistance of counsel, that his guilty plea was involuntary, and that he is entitled to an evidentiary hearing.
¶ 3. Finding no error, we affirm.

FACTS
¶ 4. Edge was indicted during the October 2003 term of the Itawamba County Circuit Court on the charge of burglary of an occupied dwelling pursuant to section *83 99-17-23 of the Mississippi Code Annotated (Rev.2006). The charges stemmed from an altercation Edge had with his estranged wife, wherein Edge forcibly entered her home, threatened her, and swung a hammer over her head during an argument.
¶ 5. On December 12, 2003, Edge retained the services of an attorney ("first attorney") to handle Edge's divorce and also the criminal case involving the burglary charge. The first attorney filed several pre-trial motions on Edge's behalf and advised his client to plead not guilty to the criminal charge. Edge maintains that the attorney assured him that the criminal charges would "all go away" and, at the very least, the attorney would attempt to reduce the burglary charge to misdemeanor trespassing. Edge attached three affidavits to his PCR motion to support this claim.
¶ 6. A few months later, the first attorney left his law firm and began practicing with a new partner ("substitute counsel"). According to Edge, the first attorney, citing his lack of criminal defense experience, tendered the criminal case to the substitute counsel. Edge claims that the substitute counsel originally advised him to plead not guilty to the burglary charge, just as the first attorney had advised. However, on June 15, 2004, the day before trial, the substitute counsel changed course and advised Edge to plead guilty. Edge also claims that the substitute counsel reassured him that, as a first-time offender, Edge would be eligible for parole after serving only twenty-five percent of his sentence. Edge claims that, had he been aware that parole is not available for a burglary conviction in Mississippi, he would have chosen to plead not guilty and proceed to trial.
¶ 7. On June 16, 2004, Edge entered an open plea of guilt to the charge of burglary, thereby waiving his right to a jury trial. The court performed a plea qualification hearing. Satisfied that Edge was competent and had entered the plea knowingly and voluntarily, the court accepted the plea. During the hearing, Edge called several witnesses who testified in extenuation and mitigation of Edge's sentence. Edge also testified on his own behalf. After hearing the testimony, the court imposed sentence. The judge noted that Edge would be required to serve the full ten years of the sentence, to which Edge replied that he understood.
¶ 8. Thereafter, the substitute counsel then transferred Edge's case back to the first attorney, who handled some of Edge's post-trial motions. Edge then filed, pro se, a PCR motion and motion to vacate, set aside or correct his sentence on August 4, 2005, asserting that he was denied effective assistance of counsel and, therefore, his guilty plea was made involuntarily and unintelligently. He alleged that he did not learn until after he was incarcerated that he had received incorrect information regarding his ineligibility for parole. The trial court dismissed Edge's PCR petition. Edge also filed a direct appeal, challenging the length of his sentence. The lower court denied Edge's challenge and this Court upheld the lower court's decision. Edge v. State, 945 So.2d 1004, 1009 (¶ 23) (Miss.Ct.App.2007).

STANDARD OF REVIEW
¶ 9. This Court will not disturb the trial court's factual findings regarding a lower court's decision to deny a petition for post-conviction relief unless they are found to be clearly erroneous. Garner v. State, 928 So.2d 911, 913(¶ 4) (Miss.Ct.App.2006). However, questions of law are reviewed de novo. Id.

*84 LAW AND ANALYSIS
I. WHETHER EDGE WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL.
¶ 10. Edge does not contest his guilt, but makes several claims of ineffective assistance of counsel against both his first attorney and his substitute counsel. Edge claims that, due to the deficient performance of his attorneys and the erroneous advice given, his guilty plea was involuntary.
¶ 11. When reviewing a claim of ineffective assistance of counsel, we look to Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), which articulated a two-prong test. Id. The defendant must demonstrate that counsel's performance was deficient and, but for the deficient performance, a different result would likely have occurred. Donnelly v. State, 841 So.2d 207, 211(¶ 8) (Miss.Ct.App.2003). Due to the nature of the claims made involving distinct issues, we will address the claims against each lawyer separately.
A. Allegations against first attorney
¶ 12. Edge makes several allegations as to his first attorney's faulty performance, namely that the attorney promised that the criminal charges would "all go away" and that the reason the first attorney deferred the case to substitute counsel was the first attorney's admission of a lack of experience with criminal matters. Edge originally hired the first attorney to handle the criminal case involved with this appeal and another case involving Edge's divorce when the first attorney was associated with his old firm. After filing pre-trial motions on Edge's behalf for the burglary charges, the first attorney left his old firm and joined another law firm. Upon moving to the new firm, the first attorney transferred the work to his new law partner approximately one month before the scheduled trial date.
¶ 13. Edge attached three affidavits to his PCR motion from witnesses present during the initial meetings with the first attorney to support his argument. Edge's father, James Ray Edge, Sr., stated that the attorney assured the family that the criminal charges would "all go away" and, at the very least, that the attorney would be able to have the charges reduced from "breaking and entering" to "misdemeanor trespassing." Diane Sanders, Edge's mother, also provided an affidavit in which she stated that the attorney assured them he could keep the charges at the municipal level and if Edge received any punishment at all, it would be in the form of probation. She also corroborated the assertions that the attorney said the criminal charges would "all go away." Another affidavit was provided by Jennifer Horton, who stated that the attorney told the group that the criminal charges would be reduced from burglary to trespassing and that Edge "would not have to worry about jail time." Horton also corroborated the attorney's statement that the criminal charges would "all go away."
¶ 14. Edge also claims that the first attorney deferred the case to substitute counsel because he "lacked criminal experience." Yet in his brief, Edge also asserts that the first attorney tendered the case to substitute counsel because the first attorney was a candidate for mayor in a nearby town. If the first attorney was unable to devote his full attention to Edge's case due to either personal reasons or lack of experience and, therefore, submitted the case to another qualified attorney within a reasonable amount of time before trial, we cannot find this to be deemed ineffective assistance of counsel. Nor can we say that conversations the first *85 attorney may have had with Edge and his family during preliminary negotiations regarding the criminal case can be considered ineffective assistance of counsel. In Mississippi, there is a strong presumption that trial counsel's conduct is "within the wide range of reasonable conduct and that decisions made by counsel are strategic." Leatherwood v. State, 473 So.2d 964, 969 (Miss.1985). Throughout his proceedings with Edge, it is undisputed that the first attorney advised Edge to plead not guilty. On appeal, a not guilty plea is exactly what Edge claims he would have entered had it not been for certain advice given to him by the substitute counsel, not the first attorney.
¶ 15. The record before us contains no evidence to prove that the first attorney failed in his duties as Edge's counsel. On the contrary, the record shows that the pre-trial motions were timely filed and properly pled. Edge has not demonstrated that the first attorney was deficient in those duties or that any alleged deficiency prejudiced his criminal case. Therefore, Edge's allegations of ineffective assistance of counsel against the first attorney are without merit.
B. Assertions against substitute counsel
¶ 16. We next address Edge's allegations against his substitute counsel. Edge claims that his substitute counsel gave him erroneous advice about parole eligibility by assuring him that he would be eligible for parole after serving only twenty-five percent of his sentence. Edge claims that he did not learn until he entered prison that he would be ineligible for parole due to the nature of the crime. In Mississippi, a person convicted of burglary is not eligible for parole. Miss.Code Ann. § 47-7-3(1)(g) (Rev 2006). Edge claims that, had he been aware of his ineligibility for parole, he would have pled not guilty and chosen to go to trial.
¶ 17. A guilty plea is involuntary if it is induced by fear, violence, deception, or improper inducements. URCCC 8.04. A plea of guilt is binding upon the criminal defendant only where the defendant is advised concerning the nature of the charge against him and the consequences of the plea. Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992). "Where a defendant enters a plea on advice of counsel, the attorney's performance is deemed `deficient' for purposes of the Strickland standard if it falls below `the range of competence demanded of attorneys in criminal cases.'" Id. at 1173 (citing Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)). "A defendant who pleads guilty to a crime is `prejudiced' by his counsel's erroneous advice if `he would have insisted on going to trial if he had been correctly informed.'" Id. (quoting Wilson v. State, 577 So.2d 394, 396 (Miss.1991)).
¶ 18. Edge relies on our holding in Garner v. State, 928 So.2d 911 (Miss.Ct. App.2006), to support his argument. In Garner, this Court found that erroneous information regarding parole given by the trial court during Garner's sentencing hearing was reversible error and that Garner was eligible for an evidentiary hearing to determine whether he relied on that information in making his plea. Id. at 915(¶ 17). The record supported Garner's argument that the trial court made erroneous statements regarding parole eligibility.
¶ 19. In that case, Garner also made a claim of ineffective assistance of counsel, to which the court noted that for Garner to prevail on that argument, he had to show that he was "misled, that the case was misrepresented to him, or that he expected to receive a lesser sentence." Id. at 914(¶ 7). In the present case, the record is void of any evidence to corroborate what *86 the substitute counsel told Edge, beyond Edge's implicit assertions in his PCR motion. Edge did offer three affidavits, which all state that the affiants believed that the substitute counsel did not properly represent Edge, but none of the affidavits attest to what the counsel actually told Edge. Absent additional proof, we are unable to say that the substitute counsel was derelict in his duties while representing Edge.
¶ 20. Further, the trial court explicitly informed Edge that he would be required to serve the full ten years of his sentence. The court gave Edge an opportunity to ask questions, which Edge denied. Edge stated that he understood the sentence imposed, that his substitute counsel had informed him of the charges against him and the maximum and minimum sentence available, and that his plea was made voluntarily and knowingly.
¶ 21. Our state's parole statutes employ the permissive "may" rather than "shall," in reference to whether parole may be granted in certain cases. Therefore, prisoners have "no constitutionally recognized liberty interest" in parole. Vice v. State, 679 So.2d 205, 208 (Miss.1996) (quoting Smith v. State, 580 So.2d 1221, 1225-26 (Miss.1991)). Thus, without additional proof, we are unable to find that the representation of Edge by the substitute counsel constituted ineffective assistance of counsel.
II. WHETHER THE TRIAL COURT ERRED BY DENYING EDGE AN EVIDENTIARY HEARING.
¶ 22. In its order dismissing Edge's PCR motion, the trial court found that under the two-prong Strickland test, Edge did not meet his burden. See Strickland, 466 U.S. at 687-96. Therefore, the court dismissed Edge's motion and denied him a hearing. The court noted that "Petitioner cannot make a valid claim for ineffective assistance if the only proof he has concerning deficient performance of his counsel is his own statement." The lower court also noted that, if there is little chance of success at trial, it is not ineffective assistance of counsel for an attorney to recommend that a defendant plead guilty.
¶ 23. Pursuant to the Mississippi Uniform Post-Conviction Collateral Relief Act, a petitioner is entitled to an in-court opportunity to prove his claims if the claims are "procedurally alive and `substantially show[] denial of a state or federal right.'" Horton v. State 584 So.2d 764, 767 (Miss.1991) (citing Miss.Code Ann. §§ 99-39-1 through 99-39-29 (Supp. 1992)). Accordingly, this Court must decide whether Edge is entitled to an evidentiary hearing where he will have an opportunity to prove his claims. An evidentiary hearing should be granted "where the record was so inadequate that it was impossible to determine whether the defendant really understood the nature of his guilty plea." Horton, 584 So.2d at 768.
¶ 24. In Vittitoe v. State, 556 So.2d 1062, 1063 (Miss.1990), our supreme court held that "before a person may plead guilty to a felony he must be informed of his rights, the nature and consequences of the act he contemplates, and any relevant facts and circumstances, and thereafter, voluntarily enter the pleas." (citing Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)). Therefore, the question of voluntariness necessarily involves issues of fact. Banana v. State, 635 So.2d 851, 854 (Miss.1994). Factors such as the quality of the advice of counsel have been considered when reviewing the voluntariness of a guilty plea. Leatherwood v. State, 539 So.2d 1378, 1388 (Miss.1989).
*87 ¶ 25. Trial courts are not required to provide parole information because eligibility or ineligibility for parole is not a "consequence" of a plea of guilty, but a "matter of legislative grace" or a "consequence of the withholding of legislative grace." Smith v. United States, 324 F.2d 436, 441 (D.C.Cir.1963). This Court has held that the "failure to mention something concerning parole eligibility may be no problem, but erroneous information concerning parole and sentencing at least entitles the petitioner to an evidentiary hearing on whether he relied on the erroneous information." Fairley v. State, 834 So.2d 704, 707(¶ 8) (Miss.2003). In Fairley, the erroneous information was given by the trial court and contained in the record. In the present case, we do not have definite proof as to what information the substitute counsel gave to Edge and we cannot find, even from the affidavits Edge presented, that the substitute counsel gave any erroneous information to Edge. We therefore defer to our holding in McNabb v. State, 915 So.2d 478, 480(¶ 5) (Miss.Ct. App.2005), where this Court found that the defendant was not entitled to an evidentiary hearing because "a circuit court may dismiss a petition for post-conviction relief without an evidentiary hearing when it plainly appears from the petition, the court's files, and prior proceedings that the petitioner is not entitled to relief."
¶ 26. Edge's petition to enter a guilty plea is not contained in the record. The evidence we have to consider is his implicit assertion in his PCR motion that his substitute counsel provided him with erroneous information regarding parole eligibility. Without more, we are unable to say that the trial court erred by dismissing Edge's PCR motion. Accordingly, we affirm the lower court's decision.
¶ 27. THE JUDGMENT OF THE CIRCUIT COURT OF ITAWAMBA COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO ITAWAMBA COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.