CARLTON, J.,
for the Court:
¶ 1. On January 30, 2013, Henry J. Laneri III filed a motion to vacate, reduce, and/or set aside his sentence stemming from his guilty plea for possession of a controlled substance, claiming that his plea was unintelligently made because he thought he would be eligible for parole after serving one-quarter of his sentence. The Hancock County Circuit Court treated the motion as a motion for post-conviction relief (PCR) and dismissed the motion, finding the decision of the Mississippi Department of Corrections (MDOC) Administrative Remedy Program (ARP) was not capricious or arbitrary. See URCCC 5.03. Laneri now appeals. Finding no error, we affirm the trial court’s judgment.
FACTS
¶ 2. In March 1997, Laneri pled guilty to the charges of burglary of a dwelling and burglary, and he was sentenced to seven years on each charge, with the sen *55 tences to run concurrently with each other, for a total of seven years in the custody of the MDOC. Laneri was released on earned release supervision on November 16, 2001, and he was discharged from the MDOC on May 11, 2003, due to the completion of his sentence.
¶ 3. On June 13, 2011, Laneri pled guilty to possession of a controlled substance. He was sentenced to serve eight years in the MDOC’s custody.
¶ 4. Laneri filed a request for a parole-eligibility date with the MDOC through its ARP.[1] On July 23, 2012, the MDOC denied his request, explaining that Laneri was not eligible for parole due to his prior conviction of burglary of a dwelling. Shortly thereafter, Laneri filed his second ARP request, which was denied by the MDOC for similar reasons.
¶ 5. Laneri sought judicial review of the MDOC’s ARP decision in the trial court. After reviewing the record, the trial court affirmed the MDOC’s decision on January 15, 2013, finding the decision rendered by the MDOC “was not arbitrary or capricious, was supported by substantial evidence, was not beyond the powers of the ARP, and was not in violation of the rights of [Laneri].”
¶ 6. Laneri filed an appeal of this decision with the Mississippi Supreme Court on May 8, 2013. The supreme court dismissed Laneri’s appeal due to his failure to pay the costs of the appeal. Laneri filed a motion to reinstate his appeal, which the supreme court denied on May 14, 2013, after finding that Laneri had not paid the costs of the appeal.
¶ 7. Shortly after the trial court’s dismissal of his ARP decision, Laneri filed a motion to vacate, reduce, and/or set aside his sentence in the trial court on January 30, 2013, arguing that it was his understanding that by pleading guilty, he would be eligible for parole after serving one-quarter of his sentence because his two prior burglary convictions were considered “non-violent crimes.” Laneri charged that the MDOC was “processing his prior nonviolent crime of burglary of an unoccupied dwelling as a violent burglary of an occupied dwelling, which it wasn’t.”
¶ 8. The trial court denied the motion on April 17, 2013, citing Robinson v. State, 964 So.2d 609, 613 (¶ 16) (Miss.Ct.App.2007), and explaining that parole is a matter “of legislative grace and not [a] consequence[ ] of a guilty plea.” The trial court also found:
Laneri was informed of the charge against him, the effect of his guilty plea, the rights he waived by pleading guilty, and the possible sentence he could receive. Moreover, Laneri indicated he was satisfied with his attorney and offered his plea freely and voluntarily.
¶ 9. In response to Laneri’s claim of illegal detention and false imprisonment as a result of the denial of his parole eligibility, the trial court observed that Laneri was denied parole eligibility due to a previous burglary charge. We acknowledge that the record on appeal contains Laneri’s 1997 order of conviction for the offense of burglary of a dwelling and for the offense of burglary. We further acknowledge that the record shows Laneri pled guilty to both of these burglary offenses in 1997, and that the statute in effect for burglary of a dwelling when Laneri pled guilty required occupancy to constitute a dwelling, even though the statute required no evidence that anyone be in the dwelling at the time of the burglary. See Miss.Code Ann. § 97-17-23 (Rev.2006).
*56 ¶ 10. In its order denying Laneri’s motion, the trial court also explained that if Laneri sought to challenge his prior burglary sentence and conviction, he must file the necessary motion in the appropriate cause number. The trial court held that since Laneri’s eight-year sentence was within the statutory parameters for possession of a controlled substance, then Laneri’s sentence was not unconstitutional.
¶ 11. Laneri now appeals, claiming that he is being deprived of his constitutional rights by the denial of a parole-eligibility date. Upon review, finding no error, we affirm the trial court’s dismissal of Lan-eri’s PCR motion.
STANDARD OF REVIEW
¶ 12. “We will not disturb the decision of an administrative agency, such as the MDOC, unless the decision is unsupported by substantial evidence, arbitrary or capricious, beyond the agency’s scope or powers, or violative of the constitutional or statutory rights of the aggrieved party.” Taylor v. Petrie, 41 So.3d 724, 727 (¶ 8) (Miss.Ct.App.2010) (citations and internal quotation omitted). However, we apply “a de novo standard of review to questions of statutory interpretation.” Finn v. State, 978 So.2d 1270, 1272 (¶ 6) (Miss.2008).
¶ 13. We acknowledge that Laneri previously appealed this same issue to the supreme court, and the supreme court dismissed his appeal in July 2013 for failure to pay costs. Therefore, res judicata bars relitigation of issues previously determined in that prior case, where the trial court determined that the decision of the MDOC was not arbitrary or capricious, and affirmed the decision of the MDOC.
DISCUSSION
¶ 14. Laneri argues that the trial court erroneously denied him a parole-eligibility date because of his prior burglary-of-a-dwelling conviction, which Laneri asserts is a violation of his constitutional rights. Laneri admits that he was convicted of burglary of a dwelling and burglary, but he argues that neither of these offenses constitutes a violent crime. Laneri further asserts that his court-appointed counsel assured him that he would be eligible for release on parole after serving one-fourth of his eight-year sentence.
¶ 15. Referring to the MDOC’s ARP decision, Laneri asserts that the MDOC “is currently denying [him] his legally entitled parole-eligibility date due to a prior non-violent conviction in violation of many state and federal statutes, constitutional rights, protections, rules, amendments, etc.” Laneri also claims that he exhausted his in-house ARP appeals in attempts to receive a parole-eligibility date. Mississippi Code Annotated section 47-7-3(3) (Rev. 2011) clarifies that the state parole board, and not the sentencing trial court, possesses the exclusive responsibility to grant parole or deny parole. See Mitchell v. State, 561 So.2d 1037, 1039 (Miss.1990) (The grant or denial of parole by the parole board “is independent of the circuit court’s sentencing authority.”).[2] Additionally, as explained in the trial court’s order, “early release and parole are matters of legislative grace and are not consequences of a guilty plea.” Robinson, 964 So.2d at 613 (¶ 16); see also McGovern v. Miss. Dep’t of Corr., 89 So.3d 69, 71 (¶ 6) (Miss.Ct.App.2011).
¶ 16. Laneri provided waivers of indictments and arraignments as exhibits *57 to his appellate brief which reflect that he pled guilty to two charges of burglary, one of them for burglary of a dwelling, and these facts are undisputed by the State. See Terry v. State, 755 So.2d 41, 48 (¶ 6) (Miss.Ct.App.1999);[3] Wilkerson v. State, 724 So.2d 1089, 1092-93 (¶¶ 17-18) (Miss.Ct.App.1998). To satisfy the elements of burglary of a dwelling pursuant to section 97-17-28, the statute applicable when Lan-eri pled guilty, the burglarized building must have been occupied in order to constitute a dwelling, although the statute does not require proof that someone was home at the time of the burglary. See Miss.Code Ann. § 97-17-31 (Rev.2006) (definition of dwelling); Edwards v. State, 800 So.2d 454, 461-62 (¶ 11) (Miss.2001) (reviewing precedent that addressed required length of occupancy and criteria required to constitute a dwelling). However, he pled guilty to the offense burglary of a dwelling. Since occupancy is a required element for the offense of burglary of a dwelling, and since Laneri pled guilty to such offense, his claim that the dwelling was not occupied therefore lacks merit, lacks evidentiary foundation, and is barred by res judicata.[4]
¶ 17. Laneri previously submitted this issue for review to the MDOC ARP, and the MDOC ARP’s determination was then affirmed by the trial court. Since Laneri failed to appeal that decision, this issue may not be relitigated.[5] We also recognize that the parole-eligibility statute, section 47-7-3(3), provides that a person convicted of burglary of an occupied dwelling is ineligible for parole.[6]
*58 ¶ 18. Regarding Laneri’s claim of ineffective assistance of counsel, the State argues that the facts of the case before us resemble those of Edge v. State, 962 So.2d 81, 85-86 (¶ 19) (Miss.Ct.App.2007), where a petitioner alleged that his attorney gave him erroneous advice about parole eligibility. After examining the record, this Court held:
[T]he record is void of any evidence to corroborate what the substitute counsel told Edge, beyond Edge’s implicit assertions in his PCR motion. Edge did offer three affidavits, which all state that the affiants believed that the substitute counsel did not properly represent Edge, but none of the affidavits attest to what the counsel actually told Edge. Absent additional proof, we are unable to say that the substitute counsel was derelict in his duties while representing Edge.
Id. The State claims that like the defendant in Edge, Laneri presented nothing but his own affidavit to support his claim that his counsel allegedly gave him incorrect advice about his parole eligibility. We have held that when making a claim of ineffective assistance of counsel, “the defendant must demonstrate that his counsel’s performance was deficient^] and, but for the deficient performance, a different result would likely have occurred.” Id. at 84 (¶ 11) (citing Donnelly v. State, 841 So.2d 207, 211 (¶ 8) (Miss.Ct.App.2003)); see also Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
¶ 19. In his brief, Laneri argues that he knew he would undoubtedly be eligible for parole after serving twenty-five percent of the eight-year sentence imposed on him because the offense was nonviolent according to section 47-7-3. Laneri also claims his attorney confirmed this information, but Laneri provides no evidence to corroborate his claim of what his attorney confirmed or advised. Without evidence to corroborate Laneri’s assertion of erroneous advice, he fails to provide any showing of deficiency for us to review. See Edge, 962 So.2d at 85-86 (¶ 19).
¶ 20. Accordingly, we affirm the trial court’s dismissal of Laneri’s PCR motion.
¶ 21. THE JUDGMENT OF THE HANCOCK COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HANCOCK COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, MAXWELL, FAIR AND JAMES, JJ., CONCUR. BARNES AND ROBERTS, JJ., CONCUR IN RESULT ONLY.

. See Miss.Code Ann. § 47-5-803 (Rev.2011).

. However, we recognize that an inmate may contest matters such as parole eligibility as an original action in circuit court. McGovern v. Miss. Dep't of Corr., 89 So.3d 69, 71 (¶ 6) (Miss.Ct.App.2011); Lattimore v. Sparkman, 858 So.2d 936, 938 (¶ 7) (Miss.Ct.App.2003).

. In a case occurring at about the same time period as the case before us, this Court in Terry instructively explained that the defendant in that case was properly sentenced under section 97-17-23 for burglary of a dwelling, rather than the former section 97-17-19, burglary of inhabited dwelling, which was repealed. Terry, 755 So.2d at 43 (¶ 6). The offense in Terry occurred in 1997. Id. at 42 (¶ 2). But see Miss.Code Ann. § 97-17-33 (burglary of non-dwelling).

. The parole-eligibility statute, Mississippi Code Annotated 47-7-3(l)(h), provides that parole eligibility is for nonviolent offenses and excludes from eligibility the offense of burglary of an inhabited dwelling. This particular offense of burglary of an inhabited dwelling does not exist now since its repeal in 1996. Upon its repeal, the Legislature enacted section 97-17-23, establishing the offense of burglary of a dwelling.

. Miss.Code Ann. § 97-17-31 (defining dwelling); Edwards, 800 So.2d at 461-62 (¶ 11) (reviewing past precedents defining criteria and length of occupancy necessary to constitute a dwelling); Wilkerson, 724 So.2d at 1092-93 (¶¶ 17-18).

. Our supreme court’s decision in Edwards, 800 So.2d at 461-62 (¶ 11), provides the following review of precedent defining dwelling:
While this Court has defined a dwelling in terms of the time period of habitation of the building and [the] owner’s intent, there appear[] to be no prior cases determining whether a utility shed with a common roof is considered part of the dwelling. See Gillum v. State, 468 So.2d [856,] 859 [ (Miss.1985) ] (weekend home where owners spent every second or third weekend and had food, clothing and other necessities was a dwelling); Course v. State, 469 So.2d 80 [(Miss.1985)] (home was dwelling house even though victim lived in nursing home for the past few months where she kept personal possessions in the home and intended to return to the home if her health improved); Washington v. State, 753 So.2d 475 (Miss.Ct.App.1999) (building that owner occupied for ten to fifteen weeks a year to visit family in Mississippi was a dwelling); Wilkerson v. State, 724 So.2d 1089 (Miss.Ct.App.1998) (house was dwelling where owner lived four months a year, received mail and kept personal items). But see Pool v. State, 764 So.2d 440 (Miss.2000) (farmhouse not considered dwelling where owner moved to an apartment four years prior to alleged burglary and there was no evidence that owner intended to return to the farm); Woods v. State, 186 Miss. 463, 191 So. 283 (1939) (newly erected home intended as a dwelling but not yet occupied is not considered a dwelling house).